H.E. BUTT GROCERY COMPANY, Appellant,

v.

Chrystal CURRIER, Appellee.

No. 13-94-126-CV.

Court of Appeals of Texas, Corpus Christi.

April 28, 1994.

Crisanta E. Guerra, Mark Whitworth, Roerig, Olvieira & Fisher, Brownsville, for appellant.

John Haywood, Law Offices of John Haywood, P.C., Brownsville, for appellee.

## OPINION

PER CURIAM.

H.E. Butt Grocery Company brings this appeal from a severed order compelling discovery. In reviewing the record for appellate jurisdiction, we conclude that the trial court abused its discretion by severing the discovery order. The severance is invalid, therefore, there exists no final judgment. Accordingly, we dismiss the appeal for want of jurisdiction.

Chrystal Currier sued H.E.B. for negligence asserting a premises liability claim following her slip and fall in the Raymondville H.E.B. grocery store.

Currier filed a motion to compel discovery of documents, for court ordered depositions, and for sanctions. H.E.B. responded by filing a motion for protective order and motion for sanctions. The trial court, by its February 1, 1994 Order Compelling Discovery 1) specified conditions under which Currier's agents could photograph and videotape the Raymondville store premises; 2) specified conditions under which H.E.B. must produce its Safety Manual in its entirety; 3) named individuals and specified conditions under which the individuals must be produced for depositions; 4) specified conditions under which H.E.B. records and financial statements must be produced; 5) H.E.B. pay Currier $1,309.00 for expenses and $2,500.00 for attorney's fees by 5:00 p.m. February 17, 1994; and 6) denied all other relief requested. The trial court then severed the Order Compelling Discovery giving it a different docket number. H.E.B. appeals from this order.

Trial courts possess broad discretion in severing and proceeding separately with "[a]ny claim against a party." Tex. R.Civ.P. 41. Severance of a claim is proper if 1) the controversy involves more than one cause of action; 2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and 3) the severed claim is not so interwoven with the remaining action that it involves the same facts and issues. *Cass v. Stephens,* 823 S.W.2d 731, 733 (Tex.App.—El Paso 1992, no writ) (citing *Guaranty Fed. Savs. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652 (Tex.1990)). (counterclaim and sanctions improperly severed because sanctions so interwoven with other claims pending in original lawsuit). The decision to grant a severance will not be disturbed unless the trial court abused its discretion. *Horseshoe Operating Co.,* 793 S.W.2d at 658.

■ The severed order here does not address a "claim" that may be severed under the rules. The claim in this case is negligence on the part of H.E.B. The severed order does not dispose of the negligence claim. Additionally, in the motion to compel discovery there is a claim for sanctions which is granted in the discovery order. The claim for sanctions, could not be maintained in a lawsuit apart from the main suit for negligence. The ordered discovery and sanctions are so interwoven with the negligence action that they involve and depend upon the same facts and issues remaining in the original lawsuit.

■ Without a final judgment or an interlocutory order from which an appeal may be brought, this court is without jurisdiction over an appeal. The severance here does not result in a final judgment nor is it an interlocutory order from which one may appeal. The nature of the order before us is that of a pretrial discovery and sanctions order the merits of which are interwoven with the main negligence action.

■ Discovery sanctions are not appealable until the trial court renders a final judgment. *Felderhoff v. Knauf,* 819 S.W.2d 110, 111 (Tex.1991); *Wal–Mart Stores, Inc. v. Street,* 754 S.W.2d 153, 155 (Tex.1988); Tex. R.Civ.P. 215(3). A judgment is generally considered final when it disposes of all parties and all issues in a case. *Felderhoff,* 819 S.W.2d at 111 (citing *North East Indep. School Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966)). The order here does not dispose of any negligence claim between the parties.

■ We note that when a trial court improperly orders discovery of privileged matters or improperly orders that a deposition be taken at a location contrary to the Texas Rules of Civil Procedure, the order constitutes an abuse of discretion and remedy is by writ of mandamus. *Borden, Inc. v. Valdez,* 773 S.W.2d 718, 720 (Tex.App.—Corpus Christi 1989, orig. proceeding).

The trial court abused its discretion. The severance here is invalid. In the absence of a valid severance, there is no final judgment before us. *Cass,* 823 S.W.2d at 734.

We dismiss this case for want of jurisdiction.