NICOR EXPLORATION COMPANY, WADI/P V Limited Partnership, A.L. Ballard, and Leslie C. Ballard 1974 Trust, Appellants,

v.

FLORIDA GAS TRANSMISSION COMPANY, Appellee.

No. 13–94–164–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 2, 1995.

Rehearing Overruled Dec. 8, 1995.

Susan K. Pavlica, William H. Knull, III, Mayer, Brown & Platt, Houston, for Nicor Exploration Co.

William Pannill, Roy L. Barnes, Pannill, Moser & Barnes, Houston, Lawrence P. Gwin, Jr., Bay City, for appellants Wadi and Ballard.

Berry D. Bowen, Houston, Christopher W. Barnes, Houston, Christi L. Nicolay, Houston, Bert L. Huebner, Bay City, for appellee.

Before DORSEY, FEDERICO G., HINOJOSA, Jr., and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

Appellants[1], plaintiffs in the court below, appeal a summary judgment entered in favor of appellee Florida Gas Transmission Company ("FGT"). Appellants argue that the trial court erred in granting appellee's motion for summary judgment and in denying their motions for partial summary judgment. Appellant Wadi also complains that the trial court abused its discretion by severing the claims of another plaintiff below. We reverse and remand.

### The Gas–Purchase Contract

This appeal arises out of a contract for purchase of natural gas. In the late 1970's, Nicor Exploration Company entered into an agreement with a Houston oil operator, W.S. Kilroy, under which Nicor agreed to invest with Kilroy in oil and gas exploration projects for which Kilroy would act as operator. In May 1978, Kilroy discovered natural gas in commercial quantities in an offshore well

---

**1.** There are two appellant groups in this appeal: (1) Nicor Exploration Co. and (2) the Wadi/P V Ltd. Partnership, A.L. Ballard, and the Leslie C. Ballard 1974 Trust. The second group will be referred to collectively as "Wadi."

off the coast of Texas. In December 1979, Kilroy entered into a gas purchase contract with FGT which identified the parties "Seller" as The Kilroy Company and three other individuals [2] and "Buyer" as FGT and Southern Natural Gas Company. Gas was first delivered in May 1981.

In November 1981, a Cross–Assignment and Stipulation of Interest was executed by The Kilroy Company, Nicor, and others formally recognizing Nicor's working interest in the gas well. In January 1982 Kilroy assigned an additional interest to Nicor. As a result, in early 1982 assignments had been made and recorded giving Nicor a working interest in the gas well of approximately 14.7%.

Each seller who owned an interest in the gas well appointed Kilroy to act as seller's representative, allowing Kilroy to perform all acts necessary to deliver the gas, to receive statements for the gas delivered, to allocate the total volumes by ownership, and to receive and distribute the payments due each seller.

This arrangement remained in effect until 1991, when Kilroy transferred a portion of its interest to Nuevo Energy Company. Nuevo, Kilroy, and FGT later agreed to substitute Nuevo for Kilroy as party seller under the gas purchase contract as to the transferred interest. In connection with this sale of interest, Nuevo and subsequently Nuevo's affiliate, Torch Energy, replaced Kilroy as seller's representative for all parties seller under the contract.

FGT and Nuevo later entered into a settlement agreement terminating the gas purchase contract as to Nuevo's interest acquired from Kilroy. The settlement agreement provided that it did not constitute a termination of the contracts "as to any other party sellers in privity with FGT other than Nuevo." Following the settlement agreement, FGT stopped purchasing gas at the contract price. FGT continued purchasing gas from Nuevo on a "spot" basis, which involved a purchase price lower than that specified in the contract. When appellants complained to FGT that it was in breach of the gas purchase contract, FGT responded that it had no contract with appellants, as they were not the designated parties "Seller" under the contract and any assignments from Kilroy to them were ineffective to substitute them as parties seller. Appellants then sued appellee FGT for breach of contract.

## Severance

As a threshold question, we address appellant Wadi's third point of error, which argues that the trial court abused its discretion in severing appellants' claims from those of Kilroy. On January 3, 1994, appellee filed its motion for summary judgment asserting that there was no privity of contract between appellants and appellee, and that any contract claim that may have existed could only belong to Kilroy. On January 14, 1994, appellants responded by filing "Plaintiffs' First Amended Original Petition," in which Kilroy joined the suit as a "nominal plaintiff to enforce its assignments to Wadi, Nicor, Ballard, and the Ballard Trust." On January 19, 1994, appellees filed their "Defendant's Motion to Sever." The trial court granted the severance and entered summary judgment against appellants on February 3, 1994.

■ Wadi asserts that the severance was improper because the claims asserted by itself and Nicor are identical to those asserted by Kilroy, and that they are completely intertwined. The rule of civil procedure regarding adding or dropping parties and joining or severing causes of action is broadly drawn, allowing trial courts a great deal of discretion in severing and proceeding separately with "[a]ny claim against a party." TEX.R.CIV.P. 41. A trial court's decision to grant a severance will not be disturbed unless the trial court abused its discretion. *H.E. Butt Grocery Co. v. Currier,* 885 S.W.2d 175, 176 (Tex.App.—Corpus Christi 1994, no writ) (citing *Guaranty Fed. Savs. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex.1990)).

■ Severance of a claim is proper if 1) the controversy involves more than one cause of action; 2) the severed claim is one that would be the proper subject of a lawsuit if

2. The other three individuals are not parties to this suit.

independently asserted; and 3) *the severed claim is not so interwoven with the remaining action that it involves the same facts and issues.* *H.E. Butt Grocery Co.*, 885 S.W.2d at 176 (emphasis added).

Appellants and Kilroy are asserting the same cause of action against appellee: breach of contract. Both appellants' and Kilroy's claims arise from the same contractual arrangement for the purchase of natural gas from the same well by the same buyer. Both appellants and Kilroy claim that appellee breached the contract following its settlement with Nuevo Energy.

■ We hold that under the circumstances of this case appellants' claim and the claim of Kilroy against appellee are identical and involve the same facts and issues. By severing Kilroy's action from appellants' action, the trial court effectively severed a party, instead of a cause of action. The controlling reasons for a severance are to do justice, avoid prejudice and further convenience. *Allstate Ins. Co. v. Hunter*, 865 S.W.2d 189, 191–92 (Tex. App.—Corpus Christi 1993, no writ). In this case, however, these goals were not served. We hold that the trial court abused its discretion in severing appellants' claims from those of Kilroy.

■ Appellee argues that, if the trial court did abuse its discretion in severing the case below, "the proper remedy would seemingly be dismissal of the appeal for want of jurisdiction." We disagree. Error in granting a severance does not divest this court of jurisdiction over an appeal. *Pierce v. Reynolds*, 160 Tex. 198, 329 S.W.2d 76, 78–79 (1959); *Schieffer v. Patterson*, 433 S.W.2d 418, 419 (Tex.1968) (per curiam); *Rutherford v. Whataburger, Inc.*, 601 S.W.2d 441, 443 (Tex.Civ. App.—Dallas 1980, writ ref'd n.r.e.); *Compugraphic Corp. v. Morgan*, 656 S.W.2d 530, 534 (Tex.App.—Dallas 1983) *rev'd on other grounds*, 675 S.W.2d 729 (Tex.1984); *Contra Cass v. Stephens*, 823 S.W.2d 731, 733 (Tex.

App.—El Paso 1992, no writ) (citing *Baker v. Hansen*, 679 S.W.2d 480 (Tex.1984) (per curiam)).[3]

We disagree with our sister court in El Paso in its decision in *Cass v. Stephens*, in which it held that if the severance is improper, the judgment is not final, resulting in the court of appeals having no jurisdiction over the case. *Cass*, 823 S.W.2d at 733. If the court of appeals has no jurisdiction, what is the effect of its decision that the severance was improper? Does it become an advisory opinion that may not be enforced by the court because it lacks jurisdiction? Such circular exercises do not profit the jurisprudence.

The better approach is one taken by the Texas Supreme Court in summary judgment cases where all the causes of action were not addressed by the motion for summary judgment, but the judgment purports to be final. In *Mafrige v. Ross*, 866 S.W.2d 590 (Tex. 1993), the Court stated that "litigants should be able to recognize a judgment which on its face purports to be final, and courts should be able to treat such a judgment as final for purposes of appeal." *Mafrige*, 866 S.W.2d at 592. In treating the judgment as final, although erroneous, the remedy is to reverse it and remand the case for trial.

■ We hold an improper severance does not rob this court of jurisdiction to consider a case; otherwise we could not consider whether the severance itself was in fact improper. As the court in *Rutherford* stated:

As we read *Pierce* and *Schieffer*, each holds that the granting of a severance makes the judgment in the severed portion of the case final for purposes of appellate jurisdiction regardless of whether the severance was proper. The propriety of the severance may be raised by the parties on appeal and the case may be reversed on the ground that the severance should not

3. The contrary position stated in *Cass v. Stephens* is not controlling precedent for this court. Furthermore, we believe that *Cass* was improperly decided on this point. *Baker v. Hansen* was distinguishable from both *Cass* and the case at bar, in that it involved an attempted appeal from a judgment that was not final because there had

been no severance. Although we note that the San Antonio Court of Appeals has elected to follow the *Cass* rule, *see Stroud v. VBFSB*, 901 S.W.2d 657, 660–61 (Tex.App.—San Antonio 1995, no writ), we believe that *Cass* improperly relies on *Baker v. Hansen*. Accordingly, we decline to adopt the *Cass* reasoning on this point.

have been granted. Nevertheless, the judgment in the severed portion of the action is final for the purpose of determining appellate jurisdiction without respect to whether the severance was proper.

*Rutherford,* 601 S.W.2d at 443. Improper severance is trial court error, but it does not prevent us from considering the case on appeal. Accordingly, if the severance constitutes reversible error, we should reverse and remand, not dismiss for want of jurisdiction.

There is a distinction between those severances that are facially invalid and those that are merely improper. In our recent case of *H.E. Butt Grocery Co. v. Currier,* 885 S.W.2d 175 (Tex.App.—Corpus Christi 1994, no writ) (per curiam), we determined that severance of an order compelling discovery in a negligence case was in fact *invalid. Id.* at 177. We determined that, since the severance was invalid, there existed no final judgment for purposes of appellate review, and dismissed the appeal for want of jurisdiction. *Id.* In that case, we cited *Cass* as authority for the proposition that "[i]n the absence of a valid severance, there is no final judgment before us." *Id.* (citing *Cass,* 823 S.W.2d at 734).

■■■ The severance at issue in *H.E. Butt Grocery Co.* was facially invalid because the discovery dispute was a procedural dispute within the case in chief. Rulings on discovery have always been interlocutory and not subject to appeal. An attempted severance of a preliminary ruling does not convert that ruling into a judgment. We noted that the proper remedy for an improper discovery order, rather than being by appellate review of the severed order, is by writ of mandamus. *H.E. Butt Grocery Co.,* 885 S.W.2d at 177.

In the case at bar, however, the severance is not invalid on its face. Rather, this court must analyze the severance under the three part test set out above to determine whether the severance was proper or not.

Having determined that severance in the court below was improper, we do not reach the remaining issues. The judgment is REVERSED and the cause REMANDED for

further proceedings in accord with this opinion.