NO. 12-03-00137-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
JOHN R. SMITH,                                              §                 APPEAL FROM THE 123RD
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

BARBARA ANN SMITH SANDERSON,
APPELLEE                                                        §                 SHELBY COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant John R. Smith (“John”) appeals from a judgment granted in favor of Appellee
Barbara Ann Smith Sanderson (“Barbara”). John presents three issues contending that the trial court
erred in finding Barbara’s pleadings adequate to warrant a judgment, in entering a judgment in
Barbara’s favor when she failed to plead or prove certain remedies, and in ordering a severance of
the cause of action after its submission to the trial court. Further, Barbara presents two counter
points arguing that the trial court erred in failing to enter a judgment in her favor for unpaid amounts
due under the divorce decree and in ordering a severance and separate trials of certain issues. We
reverse the judgment of the trial court and remand the case for further proceedings.
 
Background
            John and Barbara were married on or about February 2, 1963 and divorced on or about
February 16, 1996. In the divorce decree, as part of the division of the estate, John was ordered to
pay the balance due, including principal, interest, and escrow for taxes and insurance, on a
promissory note in the original principal sum of $63,000 secured by a deed of trust on real property
awarded to Barbara. The real property awarded to Barbara was the parties’ homestead in Center,
Shelby County, Texas. Moreover, John agreed to indemnify and hold Barbara and her property
harmless from any failure to discharge this debt. At the time of the decree, the payoff was
$62,674.34. 
            In a subsection of the divorce decree entitled “alimony,” John agreed to pay the mortgage
balance of $62,674.34 and any past-due monthly installments on the residence awarded to Barbara.
Payment was to be directly to the mortgagee, as alimony, in monthly installments of $674.26 until
the sum was paid in full, the home was sold, or ten years from January 22, 1996 had passed,
whichever occurred first. If Barbara sold the house before the expiration of the full ten-year term,
John was, according to the decree, “obligated” to pay the remaining balance in monthly installments
of $674.26 to Barbara under the terms of the mortgage during the ten-year alimony “obligation” and
pay any balance then remaining after expiration of the ten-year term directly to Barbara. On
November 30, 2000, Barbara sold the residence and, according to Barbara, approximately
$57,238.76 was paid to the mortgagee to discharge the promissory note. After the sale of the
residence, John sent two more payments on the promissory note. However, after discovering that
the house had been sold, John stopped payment on both checks and refused to make further payments
on the promissory note. According to Barbara, she never cashed the checks.
            On July 12, 2001, Barbara filed a motion for enforcement of judgment alleging, in part, that
John failed to pay the balance due on the promissory note for the required escrow amounts for taxes
and insurance and failed to pay monies due Barbara according to the court’s judgment and parties’
agreement after payment and discharge of the promissory note. John filed a pro se answer and
counterclaim. On February 27, 2002, the trial court conducted a hearing on the motion. Barbara
testified that, although she asked John to make further payments on the promissory note, he refused.
On cross-examination, Barbara stated that she made a demand to John for payment after the house
was sold, but was unable to provide a copy of a document requesting payment. According to John,
he made no further payments on the promissory note because the provisions for payment in the
decree of divorce had been fully performed, i.e, the house was sold. After the close of evidence and
closing arguments, the hearing concluded. On February 27, the trial court signed a document entitled
“Findings and Draft Order,” that, for the first time, ordered a severance of Barbara’s claims. On
April 2, John filed a request for findings of fact and conclusions of law and also contended that no
final judgment or order had been entered. Approximately a year later, on March 8, 2003, a judgment
was signed by the trial court.
            In the judgment, the trial court ordered that Barbara recover from John certain escrow
deposits and insurance in connection with the discharge of the mortgage and certain other payments
she had made in connection with the mortgage. Further, the trial court ordered severance of all other
causes of action Barbara asserted against John and also ordered a separate trial. In the findings of
fact and conclusions of law filed the same date, the trial court found that Barbara “has not pled or
proved that all conditions precedent to the collection of the Note from John R. Smith under the
provisions of the Decree have occurred.” The trial court concluded that the divorce decree required
John to pay, and Barbara to recover, the balance due on the note, together with all taxes and
insurance paid under the terms of the note up to the date of the sale of the property. Moreover, the
trial court determined that alimony provisions of the decree were not enforceable in this proceeding. 
Further, the trial court concluded that Barbara “may be entitled in a proper suit to a judgment against
John R. Smith for the actual principal due on the Note which was not paid by John R. Smith, less
such credits as may be proven for recognizable offsets.” Finally, the trial court determined that a
severance of Barbara’s “claim for recovery for the balance of the principal due on the note would
be in the interest of justice.” This appeal followed.
 
Issues Presented
            In his first issue, John argues that the trial court erred in finding that Barbara’s pleadings were
legally or procedurally adequate to warrant judgment. Barbara contends that John did not preserve
error because he failed to plead the affirmative defenses of election of remedies and statute of
limitations. In his second issue, John contends that the trial court erred in entering a judgment in
favor of Barbara when she failed to plead or prove remedies under the law of contracts. Barbara
argues that her pleadings were sufficient to raise the issue of John’s breach of contract. Further, in
her first counter point, Barbara contends that the trial court erred in failing to award her the unpaid
installment payments due between December 1, 2001 and the date of trial because John’s breach of
contract was established as a matter of law. In his third issue, John argues that the trial court erred,
and abused its discretion, in entering a judgment that severed a cause of action in favor of Barbara
subsequent to submission of the case to the trial court. In her second counter point, Barbara agrees.
We will first determine whether the severance was proper.
 
Severance
            Texas Rule of Civil Procedure 41 provides that actions which have been improperly joined
may be severed by order of the court on motion of any party or on its own initiative at any stage of
the action, before the time of submission to the jury or to the court if trial is without a jury, on such
terms as are just. Tex. R. Civ. P. 41. Further, any claim against a party may be severed and
proceeded with separately. Tex. R. Civ. P. 41. However, Rule 41 does not “permit a trial court to
sever a case after it has been submitted to the trier of fact.” State Dep’t of Highways and Pub.
Transp. v. Cotner, 845 S.W.2d 818, 819 (Tex. 1993) (quoting Coalition of Cities for Affordable
Util. Rates v. Public Util. Comm’n, 798 S.W.2d 560, 564 (Tex. 1990)). A case is submitted when
all factors to be considered are before the decision maker and, without question, when all parties
request a resolution. In re El Paso County Hosp. Dist., 979 S.W.2d 10, 12 (Tex. App.–El Paso
1998, no pet.). A trial court has broad discretion in severing and proceeding separately with any
claim against a party. Nicor Exploration Co. v. Florida Gas Transmission Co., 911 S.W.2d 479,
481 (Tex. App.–Corpus Christi 1995, writ denied). 
            The standard of review for determining whether a trial court erred in ordering a severance
is abuse of discretion. Pilgrim Enters., Inc. v. Maryland Cas. Co., 24 S.W.3d 488, 491 (Tex.
App.–Houston [1st Dist.] 2000, no pet.) (citing Guaranty Fed. Sav. Bank v. Horseshoe Operating
Co., 793 S.W.2d 652, 658 (Tex. 1990)); Nicor Exploration Co., 911 S.W.2d at 481. Further, an
improper severance is trial court error and does not prevent an appellate court from considering the
case on appeal. Nicor Exploration Co., 911 S.W.2d at 482-83. 
            In this case, after the close of evidence, closing arguments, and conclusion of the hearing,
the trial court severed all other causes of action Barbara asserted against John and, more specifically,
determined that Barbara may be entitled in a proper suit to a judgment against John for the actual
principal due on the promissory note. However, contrary to Texas Rule of Civil Procedure 41, the
trial court severed these causes of action after the case was submitted to the trial court as the trier of
fact. See Cotner, 845 S.W.2d at 819. Therefore, the severance is improper and constitutes reversible 
error. See Nicor Exploration Co., 911 S.W.2d at 483. Accordingly, we reverse the judgment of the
trial court and remand the case for further proceedings. Tex. R. App. P. 43.2(d). The trial court is
free to render a final judgment or to grant all parties a new trial and to take other actions not
inconsistent with this opinion. Cotner, 845 S.W.2d at 819. 
 
Disposition
            We reverse the judgment of the trial court and remand the case to the district court for further
proceedings. Having determined that we must reverse and remand, we do not address John’s
remaining two issues or Barbara’s remaining counter point. See Tex. R. App. P. 47.1.
 
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered October 29, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.















(PUBLISH)