NUMBER 13-02-662-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
ALEJANDRO SANTOS AND MARTHA
MONICA SANTOS,                                                                     Appellants,
v.
MADELYN HOLZMAN, M. D.,                                            Appellee.



On appeal from the 103rd District Court
of Cameron County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Rodriguez and Garza

                             
                                 Opinion by Chief Justice Valdez      
         Appellants, Alejandro and Martha Santos, appeal the decision of the Hidalgo
County trial court granting the motion of appellee, Madelyn Holzman, M.D., to sever
the claims against Dr. Holzman and to transfer venue to Cameron County. The
Santoses also appeal the subsequent decision of the Cameron County trial court to
dismiss the Santoses’s claim. Because the motion to transfer was improperly granted,
we reverse and remand. 
I. FACTS
         The underlying suit in this dispute involves a claim of medical malpractice
resulting from an ineffective vasectomy and subsequent faulty medical advice, which
resulted in two wrongful pregnancies. 
         In March 1998, Alejandro Santos underwent a vasectomy in a clinic located in
Hidalgo County, Texas. Alejandro claims that his urologist, Dr. Roger Vitco, failed to
advise him to refrain from sexual relations immediately following the procedure. 
Alejandro, believing that the procedure was immediately effective, resumed sexual
relations with his wife, Monica, who then became pregnant after the vasectomy and
gave birth in December 1998. Following the birth of this child, Alejandro underwent
a fertility test in order to determine whether the vasectomy had eventually become
effective. The test showed that Alejandro was still fertile. Due to his dissatisfaction
with the doctor’s past performance, Alejandro then decided to seek a second opinion
before undergoing a second vasectomy and was referred to Dr. Madelyn Holzman. Dr.
Holzman, who practices and lives in Cameron County, Texas, examined Alejandro. 
The Santoses allege that Dr. Holzman told Alejandro that he was infertile and could
resume sexual relations with his wife. She then had him submit to a sperm count,
which, when conducted a few days later, tested positive for fertility. However,
according to the Santoses, these results were never reported to Alejandro. Because
he had been assured of his infertility by Dr. Holzman, Alejandro resumed sexual
relations with his wife. About a year after Dr. Holzman’s examination and diagnosis,
Monica again became pregnant and, in August 2001, gave birth to another child.
         During this second post-vasectomy pregnancy, Alejandro was examined by a
third urologist, who found that Alejandro was still fertile and recommended a second
vasectomy, which was conducted successfully. 
         Alejandro and Monica then sued Dr. Vitco and the clinic from the first
vasectomy for medical malpractice and wrongful pregnancies. The couple later added
Dr. Holzman and several other parties to the suit. Dr. Holzman was added to the
medical malpractice and wrongful pregnancy claims for advising Alejandro that he
could resume unprotected sexual relations with his wife at a time when he was still
fertile and for failing to communicate the results of the sperm count to the Santoses. 
         Dr. Holzman filed a motion to sever the claims against her and to transfer venue
to Cameron County. The motion was granted and the claims against her were severed
and transferred to a Cameron County district court, whereupon Dr. Holzman filed a
motion to dismiss. The Cameron County district court judge granted the motion and
dismissed the suit.
         On appeal, the Santoses complain of three issues: (1) the motion to sever and
transfer the claims against Dr. Holzman should not have been granted by the Hidalgo
County district court; (2) the Cameron County court erred in granting Dr. Holzman’s
motion to dismiss; and (3) the Cameron County court erred in denying the Santoses’s
motion for a new trial.
II. SEVERANCE AND VENUE
         We first address the issues of severance and transfer of venue. Trial courts may
sever claims that are improperly joined to the primary case and proceed with the
severed case separately. See Tex. R. Civ. P. 41. We review orders of severance for
an abuse of discretion. See Nicor Exploration Co. v. Florida Gas Transmission Co.,
911 S.W.2d 479, 481 (Tex. App.–Corpus Christi 1995, writ denied). Severance of
a claim is proper if (1) the controversy involves more than one cause of action; (2) the
severed claim is properly the subject of a lawsuit; and (3) the severed claim is not so
interwoven that it involves the same facts and issues. Guar. Fed. Savs. Bank v.
Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex. 1990). The controlling reasons
to grant a severance are to do justice, avoid prejudice and to further convenience the
parties. Nicor Exploration Co., 911 S.W.2d at 482. Further, if a claim against multiple
parties involves the same facts and issues, the trial court may not simply sever a party
from the cause of action. Id. It should sever only complete and discrete claims from
one another. See id. 
         When considering the severance of medical malpractice claims, we focus not
on the number of defendants involved, but rather on whether there has been a
continuous course of treatment producing an indivisible injury. See Jones v. Ray, 886
S.W.2d 817, 821 (Tex. App.–Houston [1st Dist.] 1994, orig. proceeding). If a claim
involving an indivisible injury is severed, the facts and issues relating to each particular
entity’s liability for their part in the injuries is the same, and each defendant in each
severed suit would be able to present evidence that the defendants on trial in the other
suit were responsible, thereby increasing the risk of inconsistent judgments and
inadequate compensation of the injured plaintiff. See id. at 822. 
         Here, the injury to the Santoses was derived from a series of allegedly
mishandled medical procedures, which ultimately culminated in a second unexpected
post-vasectomy pregnancy. This constitutes a continuous course of treatment, the
individual portions of which worked together to jointly produce an indivisible injury. 
See id. To divide the Santoses’s suit into two suits would produce two trials focused
on the same facts and same injury, and could potentially lead to undue repetition,
confusion and prejudice to the interests of both the plaintiffs (who could be either over
or under compensated) and the defendants (who could face unduly low or high
fractional shares of the total liability for damages). Thus, in this instance, the third
prong of the Guaranty Federal test is not met, and the severance order constituted an
abuse of discretion. See State Dep’t of Highways v. Cotner, 845 S.W.2d 818, 819
(Tex. 1993) (per curiam); Guar. Federal, 793 S.W.2d at 658.
         Given that the order severing the suit and allowing transfer of the claims against
Dr. Holzman was improper on the grounds of severance, we now turn to consideration
of the remainder of the motion and consider the question of venue.
         The trial court must consider all venue facts pled by the plaintiff true unless they
are specifically denied by an adverse party. See Tex. R. Civ. P. 87(3)(a). Once venue
facts are specifically denied, the plaintiff must then respond with prima facie proof of
that venue fact. Id. Venue is generally proper (1) in the county in which all or a
substantial part of the events or omissions giving rise to the claim occurred; or (2) in
the county of defendant’s residence at the time of the accrual of the course of action. 
See Tex. Civ. Prac. & Rem. Code Ann. § 15.002 (a) (Vernon 2002). When there are
multiple defendants involved, the plaintiff must first establish proper venue against at
least one defendant; venue is then proper as to all defendants in all claims arising out
of the same transaction, occurrence, or series of transactions or occurrences. See id.
§ 15.005. To determine if a claim arises out of the same “transaction or occurrence,”
this Court employs the “logical relationship test.” See Blalock Prescription Ctr. v.
Lopez-Guerra, 986 S.W.2d 658, 663 (Tex. App.–Corpus Christi 1998, no pet.). Under
this test, a transaction is flexible, comprehending a series of many occurrences
logically related to one another. Id. To arise from the same transaction, at least some
of the facts must be relevant to both claims. Id. 
         When venue is contested, the appellate court must consider the entire record
in order to determine whether the plaintiff provided prima facie proof of the disputed
venue facts. Tex. Civ. Prac. & Rem. Code Ann. § 15.064 (Vernon 2002). If venue is
improper, it shall be considered reversible error. Id. If a plaintiff files suit in a county
of proper venue, it is also reversible error to transfer venue under section 15.063(1),
even if the county of transfer would have been proper if originally chosen by the
plaintiff. Wilson v. Tex. Parks & Wildlife Dep’t, 886 S.W.2d 259, 261 (Tex. 1994);
N. Nat’l Gas Co. v. Chisos Joint Venture I, 142 S.W.3d 447, 452 (Tex. App.–El Paso
2004, no pet.). Although we view the record in the light most favorable to the trial
court’s decision, we do not defer to the trial court’s application of the law to the facts
of the case. N. Nat’l Gas, 142 S.W.3d at 452. 
         In the present case, the Santoses filed suit in Hidalgo County against doctors
and clinics located in both Hidalgo County and Cameron County. Their petition claims
that this is a suit for medical malpractice arising from the defendants’ failure to
properly test and advise Alejandro regarding his sexual fertility following his first
vasectomy. It is undisputed that the majority of the defendants and the Santoses all
reside in Hidalgo County; therefore, the Santoses have properly established venue in
Hidalgo County with regard to these defendants. The facts alleged by the Santoses
in constructing the scope of their claim involve a series of occurrences related to one
another in that each subsequent event would not have occurred without the
occurrence of the preceding event, and each alleged wrongful action contributed to the
overall injury produced. Specifically, the alleged conduct of Dr. Holzman would not
have occurred without the improper performance of the original urologist, as Alejandro
would not have needed a second opinion and further fertility testing from Dr. Holzman. 
The purportedly inadequate advice of Dr. Holzman, in turn, immediately led to the
second wrongful pregnancy. We discern a “logical relationship” between this series
of events, which satisfies the test adopted by this Court in Blalock to determine if a
claim arises out of the same transaction or occurrence. See Blalock, 986 S.W.2d at
663. Thus, venue, if proper in Hidalgo County for at least one defendant, is also
proper for all other defendants whose actions relate to the same transaction or
occurrence, including Dr. Holzman. See Tex. Civ. Prac. & Rem. Code Ann. § 15.005. 
         Because we have already established that the claims should not have been
severed, it follows that the claims must be heard in Hidalgo County, as this was a
proper county as to at least one defendant. As the county originally chosen by the
Santoses was proper, it was reversible error to transfer the claim to Cameron County. 
See Wilson, 886 S.W.2d at 262.
         Accordingly, we sustain the Santoses’s first issue on appeal and hold that the
granting of the motion to sever and to transfer venue was improperly granted. Given
our disposition of this issue, we need not address the remaining issues. Tex. R. App.
P. 47.1.
III. CONCLUSION
         If a venue determination is improper, a litigant is entitled to a reversal of the
judgment. See Tex. Civ. Prac. & Rem. Code Ann. § 15.064 (b); Hendricks Med. Ctr.
v. Howell, 690 S.W.2d 42, 45 (Tex. App.–Dallas 1985, no writ). Therefore, the
judgment of the trial court is reversed and remanded, and the trial court is ordered to
transfer the claim against Dr. Holzman back to the Hidalgo County Court for rejoinder
with the original claim.  
 
                                                                                                                   
                                                                        Rogelio Valdez
                                                                        Chief Justice
 
Memorandum Opinion delivered and filed
this 27th day of January, 2005.