ACCEPTED
01-14-00104-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/26/2015 9:57:17 PM
CHRISTOPHER PRINE
CLERK

IN THE COURT OF APPEALS
FIRST DISTRICT OF TEXAS AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/26/2015 9:57:17 PM
CHRISTOPHER A. PRINE
Clerk

NO. 01-14-00104-CV

WHITE LION HOLDINGS, L.L.C.

Appellant

vs.

THE STATE OF TEXAS

Appellee

On Appeal from
The 98th District Court of Travis County, Texas
Trial Court No. D-1-GV-06-000627 and D-1-GV-13-001068

## APPELLANT'S MOTION FOR RECONSIDERATION *EN BANC*

Jacqueline Lucci Smith
TBA #: 00786073
LUCCI SMITH LAW PLLC
10575 Katy Freeway, Suite 470
Houston, Texas 77024
Tel.: 832-494-1700
Fax: 832-494- 1426
Email: JLS@LucciSmithLaw.com

Joan Lucci Bain
TBA #: 01548020
BAIN & BAIN PLLC
10575 Katy Freeway, Suite 405
Houston, Texas 77024
Tel.: 713-629-6222
Fax: 713-629-6226
JBain@BainandBainlaw.net

**ORAL ARGUMENT REQUESTED**

1

TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:

Appellant, White Lion Holdings, LLC seeks rehearing *en banc* asking the Court to reconsider the panel opinion issued April 9, 2015 in order to determine whether the panel had jurisdiction or authority to affirm the judgment below because of the improper severance of this case.

## STATEMENT REGARDING NEED FOR ORAL ARGUMENT AND EN BANC RECONSIDERATION

*En banc* reconsideration is appropriate to address an issue of first impression which is of exceptional importance to procedural and substantive law and requires analysis of conflicting authorities concerning this Court's jurisdiction. The issue has developed because of the severance of the judgment against White Lion Holdings LLC and the State's subsequent actions in the case from which White Lion was severed. Specifically, this Court must determine whether the State may use severance to split a single statutory violation into duplicate claims against a limited liability company and its sole member in order to recover a ***duplicate*** statutory fine against each defendant. The summary judgment below awarded statutory fines against White Lion for violating a Compliance Plan with the Texas Commission on Environmental Quality (TCEQ). The judgement against White Lion awarded the full amount of the fine the State had stipulated to. At the State's request, the trial

2

court severed White Lion from the original proceeding in its final summary judgment order.

After the briefs had been filed in this appeal, the State moved for summary judgment in the remaining case *seeking the identical judgment* against the sole member of White Lion *for the same violations* which formed the basis of the judgment against the LLC. The State now holds two judgments in separate cases for the same violation – one against White Lion and the other against its manager, Bernard Morello – a result that forces examination of the validity of the severance order and this Court's jurisdiction over this appeal. Further, because this case was transferred from the Austin Court of appeals, this Court must consider the conflict among the courts of appeals regarding an appellate court's jurisdiction after improper severance and apply the precedent of the Austin Court to determine whether to dismiss this appeal, remand for rejoinder with the original case, or abate this appeal until the cases can be joined before this Court. TEX. R. APP. P. 41.3.

Before issuing its opinion, this Court's panel did not address the double jeopardy by severance issue because at the time of briefing the State had not filed its second motion in the trial court. The panel denied oral argument, so there was no opportunity for White Lion to apprise the Court of the developments in the underlying case. Further, because the State's pleadings in the original case referred

to White Lion and Morello jointly in all allegations, White Lion did not anticipate that the State would seek duplicate recovery.

**ISSUES PRESENTED:**

A. **First Issue:** **The Improper Severance Is Invalid.**
B. **Second Issue:** **The Invalid Severance Requires Dismissal or Remand**
C. **Third Issue:** **The Invalid Severance Provided a Mechanism for A Double Penalty Thereby Denying White Lion and Morello Due Process and Allowing the State to Impose an Excessive Fine**

**ARGUMENT AND AUTHORITIES**

**A. FIRST ISSUE:** **THE SEVERANCE IS INVALID.**

The State's suit against White Lion consisted of two claims. The first was that White Lion failed to comply with CP-50129 rendering it in violation of Texas Water Code section 7.102. The second claim was that White Lion failed to acquire financial assurance in the amount of $574,000 in violation of the Texas Administration Code. In order to obtain severance, the State represented that its remaining claims against Morello were independent from those that it was asserting against White Lion, stating that "If this Court grants the State's Motion for Summary Judgment, all issues and causes of action against White Lion will be resolved." (CR

4

___, Appendix 1, State MSJ p. 24-25).[1] The State's motion wholly failed to apprise the trial court of the limits on severance that would apply in the event the State proceeded against Morello on the identical grounds for recovery. The trial court's summary judgment order severed White Lion from the original case, D-1-GV-06-000627, and the case against White Lion was re-designated as D-1-GV-13-001068. (CR 549-554, 629). Notably, the State waited until after the issues in this appeal were defined by White Lion's opening brief to file its identical motion for summary judgment against Morello individually.

The State's motion against Morello did not even attempt to assert any independent ground for recovery proving that the State's claims against White Lion were not independent, and that the severance order is invalid. The motion sought to hold Morello individually liable for a second full fine because he is the sole member of White Lion. Specifically, the State argued, "***This is a statutory enforcement action brought against Morello as operator and sole decision maker of White Lion . . . .***" (Supp. CR ___, Appendix 1, Pl's MSJ at p. 29, emphasis added.) The State neither plead nor argued that it was seeking liability against Morello by piercing the corporate veil, and it expressly disavowed that the judgment it sought against Morello derived from an independent tort. (Supp. CR, Appendix 1, Pl. MSJ).

---

[1] All references to Appendix in this Motion are to Appellant's Appendix to Motion to Supplement The Record, Motion for Rehearing, and Motion for Rehearing *en banc*, Parts 1 and 2, filed May 26, 2015.

The State openly conceded that it was seeking a second judgment against Morello because "Morello is White Lion." (Appendix 4, Exhibit __, Supp. RR at 10:14). The motion against Morello was presented to the trial court on February 19, 2015. This Court issued its opinion on April 9, 2015, just five days before the trial court entered judgment against Morello on April 14, 2015. (Appendix 3). The judgment against Morello is *for the same fines that were awarded in the summary judgment against White Lion.*

### 1. THE SEVERANCE ORDER IS INVALID BECAUSE IT SPLITS A SINGLE CAUSE OF ACTION INTO SEPARATE CLAIMS.

While TEX R. CIV. P. 41 states that "[a]ny claim against a party may be severed and proceeded with separately" a trial court's discretion to sever is not unlimited. *Dalisa Inc. v. Bradford*, 81 S.W. 3d 876, 879 (Tex. App. – Austin, no pet). ("Such discretion may not be exercised contrary to legal rules and principles applicable in the particular case." *Id.*, *quoting from Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 683 (1956)). The decision whether a severance is valid is a question of law. *Guar. Fed. Savs. Bank* v. *Horseshoe Operating Co.*, 793 S.W.2d 652, 658-659 (Tex. 1990).

Rule 41does not permit severance of a single cause of action against separate parties. *Dalisa Inc.* 81 S.W. 3d at 879 (Tex. App. – Austin, no pet) ("[s]everance of a single cause of action into two parts is never proper " … "The reason for the rule lies in the necessity for preventing vexatious and oppressive litigation, and its

purpose is accomplished by forbidding the division of a single cause of action so as to maintain several suits when a single suit will suffice."), *quoting from Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76, 79 n. 1 (1959) and *Pustejovsky v. Rapid American Corp.,* 35 S.W.3d 643, 647 (Tex.2000). The controlling reasons to grant a severance are to do justice, avoid prejudice and to further convenience the parties. *FFP Operating Partners LP v. Duenez,* 237 S.W. 3d 680, 693 (Tex. 2007); *Nicor Exploration Co., Nicor Exploration Co. v. Florida Gas Transmission Co.,* 911 S.W.2d 479, 482 (Tex. App. – Corpus Christi 1995, writ denied).

Severance of a claim is only proper if (1) the controversy involves more than one cause of action; (2) the severed claim is properly the subject of a separate lawsuit; **and** (3) the severed claim is not so interwoven that it involves the same facts and issues. *FFP Operating Partners LP v. Duenez,* 237 S.W. 3d at 693; *Guar. Fed. Savs. Bank* 793 S.W.2d at 658 (emphasis added). If the claim a party seeks to sever does not meet all three prongs, then the claim may not be severed, and to do so amounts to an abuse of discretion. *Nicor Exploration Co.* 911 S.W.2d at 482 ("By severing [one plaintiff's action from the action of another plaintiff], the trial court effectively severed a party, instead of a cause of action.").

**2. THE SEVERANCE IS INVALID BECAUSE THE STATE'S CLAIMS AGAINST WHITE LION ARE INEXTRICABLY INTERTWINED WITH ITS CLAIMS AGAINST MORELLO.**

Tex. R. Civ. P. 41 allows the severance of "actions" or separate "grounds of recovery" that have been improperly joined. The State's motion for summary judgment against Morello makes it apparent that neither situation is present here. Claims in a case are considered interwoven when their severance would result in two or more separate judgments that, taken in the abstract, would either: (1) undercompensate the plaintiff (because the respective juries could each find the other defendant fully liable and thus each award plaintiff nothing), or (2) over compensate the plaintiff (because the respective juries could each find their respective defendant fully liable and enter two verdicts imposing a double recovery). In situations such as this presenting the prospect of double recovery for the plaintiff or double jeopardy for the defendant, severance is improper because the third *Guaranty Federal* factor cannot be met. *See Jones v. Ray*, 886 S.W.2d 817, 821-822 (Tex. App. – Houston [1st Dist.] 1994, orig. proceeding).

If a claim involving an indivisible injury is severed, the facts and issues relating to each particular entity's liability for their part in causing the injury are the same. "[T]o divide [such a suit] into two suits would produce two trials focused on the same facts and same injury, and could potentially lead to undue repetition, confusion and prejudice to the interests of both the plaintiffs (who could be either over or under compensated) and the defendants (who could face unduly low or high fractional shares of the total liability for damages)." *Santos v. Holzman*, No. 13-

8

02-662-CV, 2005 WL 167309, at *4 (Tex. App.-Corpus Christi Jan. 27, 2005, pet. denied) (mem. op.), *citing Jones v. Ray*, 886 S.W.2d at 822. *See also*, *Levetz v. Sutton*, 404 S.W.3d 798, 801 (Tex. App. – Dallas, 2013, pet. denied) (reversing order of severance because the facts were interwoven and the severance did not avoid prejudice or further convenience.).

By splitting the same ground of recovery into separate actions the State was able to avoid complicated issues of first impression – whether a member of an LLC can be held individually liable for statutory fines based upon acts taken on behalf of the LLC, and if so, how the liability is to be apportioned between the entity and the individual. Exhaustive research failed to identify a single case that allowed a member of an LLC that was not an employee of the LLC to be held liable for statutory fines assessed solely on the basis of his membership in the LLC. It is undisputed in this case that Morello in his individual capacity has never been in the chain of title to the Property or a party to the Compliance Plan. Therefore, it is also undisputed that Morello in his individual capacity had no duty in relation to same.

If in fact liability exists, but is joint and several, it is clear that the severance order was void because it deprived both defendants of the opportunity to have the court determine whether White Lion, or Morello in his individual capacity, or both were responsible for the alleged violations, and to apportion responsibility between them. *FFP Operating Partners LP v. Duenez, supra*, 237 S.W. 3d at 693-694

9

(reversing jury verdict because trial court had improperly severed co-defendant preventing apportionment of liability between the defendants. To further illustrate the invalidity of the severance, it was untimely.[2]

B.    **SECOND ISSUE:    THE INVALID SEVERANCE REQUIRES DISMISSAL OR REMAND**

Without the order of severance, the summary judgment against White Lion was interlocutory and not subject to appeal. Although there is a conflict among the courts of appeal as to whether an improper severance deprives an appellate court of jurisdiction, several courts have held that a severance that splits a cause of action or single ground of recovery deprives the appellate court of jurisdiction, particularly where the severance is needed to make the judgment that is being appealed final. At a minimum, this Court should re-examine its jurisdiction and determine whether it has authority to render any judgment other than dismissal or remand. Even those cases that find jurisdiction exists disagree over the appropriate resolution of the case. To complicate the issue further, because this case was transferred from the Austin Court of Appeals pursuant to order of the Supreme Court, this Court must examine and apply the precedent of the Austin Court. Tx. R. App. P. 41.3.

1.    **THE CONFLICT AMONG THE COURTS OF APPEALS REGARDING JURISDICTION.**

---

[2] TEX.R. CIV. P. 41prohibits severance after the case is submitted to the trier of fact. Here, the trial court severed the case in its summary judgment order – after the case was submitted.

The Dallas Court of Appeals recently summarized the conflict among the various courts of appeals regarding an appellate court's jurisdiction when the trial court has improperly severed a claim or party:

> Although the severance order is not challenged by the parties, we briefly address the propriety of the severance order because of a conflict in the courts of appeal as to whether an improper severance order affects the court's jurisdiction over the appeal. Some courts hold that an improper severance is trial court error and does not deprive the appellate court of jurisdiction to consider the appeal. *See Rucker v. Bank One Tex., N.A.,* 36 S.W.3d 649, 652 (Tex.App.-Waco 2000, pet. denied); *Nicor Exploration Co. v. Fla. Gas Transmission Co.,* 911 S.W.2d 479, 482-83 (Tex.App.-Corpus Christi 1995, writ denied). Other courts have concluded that pretrial discovery and sanction orders are not severable because they cannot stand alone as independent suits and are interwoven with the merits of the main lawsuit. *H.E. Butt Grocery Co. v. Currier,* 885 S.W.2d 175, 177 (Tex.App.-Corpus Christi 1994, no writ). Such orders are not "claims" that may be severed under rule 41 and absent a valid severance, the appellate court lacks jurisdiction. *Id. See also* Tex.R. Civ. P. 41; *Dalisa, Inc. v. Bradford,* 81 S.W.3d 876, 882 (Tex.App.-Austin 2002, no pet.) (holding severance improper and dismissing appeal for want of jurisdiction); *Cass v. Stephens,* 823 S.W.2d 731, 733 (Tex.App.-El Paso 1992, no writ) (same), *overruled in part by In re Hoover, Bax & Slovacek, L.L.P.,* 6 S.W.3d 646, 649 (Tex.App.-El Paso 1999, orig. proceeding).

*Jones v. America Flood Research Inc.* 153 S.W.3d 718, 722-723 (Tex. App. – Dallas, 2005) *rev'd on other grounds*, 192 S.W.3d 581 (Tex. 2006). Further, nearly every court which has concluded that it has jurisdiction after an improper severance resolves the case by dismissal or remand to remove the severance. The *Jones* Court did the same. *Id.* at 723. *See also Rucker v. Bank One Texas N.A.*, 36 S.W.3d 649, __ (Tex. App. – Waco 2000, *pet. denied*) (agreeing with the position of the Corpus Christi Court of Appeals in *Nicor* "for a different reason. This judgment was final.").

Most Courts that find jurisdiction do so based on dicta in two old Supreme Court cases, *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76 (1959) and *Schieffer v. Patterson,* 433 S.W.2d 418 (Tex.1968), but many Courts since then have found no jurisdiction to hear the appeal. In situations such as the one presented here, where the severance order splits a cause of action, courts almost uniformly dismiss the appeal for lack of jurisdiction. *Dalisa, Inc. v. Bradford,* 81 S.W.3d at 882; *Jones v. Ray,* 886 S.W.2d at 822; *Smith v. Rhodes Properties*, No. 05-08-00856-CV (Tex. App. – Dallas, 2010, *per curiam*). The San Antonio Court has adopted the rule that where the severance order is necessary to make the judgment on appeal final, the case must be dismissed for lack of jurisdiction. *Stroud v. VBFSB Holdings*, 901 S.W.2d 657, 660-661 (Tex. App.—San Antonio, 1995, no pet.).

While it is clear that the courts of appeals have struggled with the issue of jurisdiction after improper severance there is no single rule that has emerged to resolve the conflict. The limitations on the length of this motion make it impossible to present a comprehensive analysis of the various approaches, or to reconcile or distinguish each individual case. What is decisive for this Court, however, is the fact that this case was transferred from the Austin Court of Appeals, and this Court is therefore bound to follow the precedent of that Court to resolve the issue.TEX. R. APP. P. 41.3.

       **2. THE AUSTIN COURT OF APPEALS WOULD DISMISS FOR LACK OF JURISDICTION.**

12

*Dalisa, Inc. v. Bradford,* 81 S.W.3d 876 (Tex.App.-Austin 2002, no pet.) remains the controlling precedent in the Austin Court of Appeals. *Dalisa* holds that where an otherwise interlocutory judgment is made final by an invalid severance order, the appellate court lacks jurisdiction over the appeal, requiring dismissal of the appeal. The Austin Court continues to follow that precedent. *In Re Stonebridge Ins. Co.* 279 S.W. 3d 360, 363 (Tex. App. – Austin 2008, orig. proceeding) ("Texas trial courts have broad discretion regarding the severance and consolidation of cases-but that discretion is not unlimited. One well-established limitation on that discretion is the single-action rule, or the rule against splitting claims."), *relying in part on Dalisa, Inc. v. Bradford,* 81 S.W.3d at 879. See also, *In Re Henry*, 388 S.W.3d 719, 726 (Tex. App. – Houston [1st Dist.] 2012, *pet. denied*) (relying on *Dalisa* to review the propriety of a severance order for abuse of discretion.). Thus, where as here, the trial court has split a cause of action through severance in order to make an otherwise interlocutory summary judgment final, the Austin Court of Appeals would find it lacked jurisdiction over the appeal and dismiss the appeal. This Court should do the same.

C.  **THIRD ISSUE:    IMPROPER SEVERANCE IN THIS CASE RESULTS IN DENIAL OF DUE PROCESS AND AN EXCESSIVE FINE IN VIOLATION OF THE TEXAS AND UNITED STATES CONSTITUTIONS**

By obtaining separate judgements, the State was able to avoid its stipulation that it would accept the minimum fine. The state has now recovered fines totalling

over $760,494 (more than five times the purchase price of the property). Under these circumstances, severance violates due process and the constitutional protection against excessive fines.

1. **THE STATUTORY PENALTIES RECOVERED BY THE STATE ARE PUNITIVE WITHIN THE MEANING OF THE TEXAS AND FEDERAL CONSTITUTIONS.**

Article I, section 13 of the Texas Constitution provides, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." TEX. CONST. ART. I, § 13. The United States Constitution has the same prohibition. ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted; U.S. CONST. amend. VIII.) The Eighth Amendment is applicable to the States through the Fourteenth Amendment. *Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

The term "fines" includes civil penalties. *See Pennington v. Singleton,* 606 S.W.2d 682, 690 (Tex. 1980). The Beaumont Court of Appeals explained the U.S. Supreme Court's definition of fines in *One Car, 1996 Dodge X-Cab Truck White In Color 5YC-T17 VIN 3B7HC13Z5TG163723 v. State,* 122 S.W.3d 422, 427 (Tex. App.-- Beaumont 2003, no pet.) as follows:

> (1) the protections afforded by the Eighth Amendment are not limited to criminal prosecutions, or civil proceedings so punitive as to be considered criminal in nature, *Id.* at 607-09, 113 S.Ct. 2801; (2) the Excessive Fines Clause limits the government's power to extract payments as punishment for some offenses, *Id.* at 609, 113 S.Ct. 2801; (3) "punishment" cuts across the division

14

between criminal and civil proceedings; the question being not whether the statutes in question are labeled civil or criminal, but rather whether the imposition sought by the government is considered "punishment," *Id.* at 610, 113 S.Ct. 2801; [and] (4) while recognizing that sanctions may serve more than one purpose, i.e., remedial and punitive, any sanction that cannot fairly be said solely to serve a remedial purpose, but can also be said to serve either retributive or deterrent purposes, constitutes punishment, *Id.* at 610, 113 S.Ct. 2801.

*Id.* at 423-424, *quoting from and citing to Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). Generally, prescribing fines is a matter within the discretion of the legislature. There is no question that the penalties imposed by the Texas Water Code are punitive in nature so as to bring the statute's penalties within the purview of both the Texas and Federal Constitutions' prohibitions against excessive fines.

2. **A DOUBLE RECOVERY FOR THE SAME CONDUCT CONSTITUTES AN EXCESSIVE FINE**

There is no precedent for imposing individual duplicate liability against the member of an LLC just because he is the sole member of the LLC. Assuming without conceding that any penalty is justified in this case, the State should have been limited to one penalty against the responsible party, whether it was White Lion or Morello. By severing White Lion, the State avoided a finding on a critical issue central to both motions – who is the responsible party? Even if the State could argue that the corporate veil should be pierced (which Morello denies), at most it would have been

15

entitled to joint and several liability against Morello and White Lion, not a double recovery.

In its two judgments, the Court has now awarded over $760,494 in fines against Morello and White Lion after the State stipulated that the civil penalties should only be $50 per day (five times the purchase price of the Property). ( Sup. CR ; A p p e n d i x  4 , E x .   ) .  Morello and White Lion have both consistently maintained inability to pay the fine and to conduct the remediation the state is demanding.

Where the amount of a penalty imposed by a State agency is so high that it effectively deprives a citizen of the ability to litigate his defense to such penalty, it is unconstitutional. *See R. Communications Inc. v. Sharp*, 875 S.W.2d 314, (Tex. 1994) (holding that conditioning a taxpayer's right to initiate judicial review on the payment of taxes or the posting of a bond equal to twice the alleged tax obligation violates the open courts mandate of the Texas Bill of Rights. TEX. CONST. art. I, § 13. "Taxes cannot be raised by means that make meaningless our constitutional guarantees."). While this case does not present an open courts question, it does present an unconstitutional denial of due process and equal protection under state and federal law.

### 3. THE DOUBLE RECOVERY IMPOSED BY THE TWO JUDGMENTS FAILS THE PROPORTIONALITY TEST MAKING THE FINES EXCESSIVE.

Beyond the issue of ability to pay, a fine must be proportionally related to the offense it is designed to deter or punish. In determining whether the fine is excessive, a court must consider proportionality, i.e., the amount of the fine must bear some relationship to the gravity of the offense that it is designed to punish. The wide latitude the state has in imposing fines is exceeded and denies due process "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *Pennington,* 606 S.W.2d at 690 (quoting *St. Louis, Iron Mountain & S. Ry. Co. v. Williams,* 251 U.S. 63, 66-67, 40 S.Ct. 71, 64 L.Ed. 139 (1919)); *see Owens-Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 44-48 (Tex.1998) (due process analysis of punitive damages). *See also*, *United States v. Bajakajian*, 524 U.S. 321, 334, 118 S.Ct. 2028, 2036 (1998).

**4. THE IMPROPER SEVERANCE VIOLATES THE EQUAL PROTECTION, AND DUE COURSE OF LAW PROVISIONS OF THE TEXAS CONSTITUTION, AND THE DUE PROCESS AND EQUAL PROTECTION PROVISIONS OF THE U.S. CONSTITUTION.**

By presenting each motion as a separate case, the State was able to convince the trial court, and the panel in this Court, that the only issue was whether a violation occurred, and if so the applicable penalty. Even if Morello appeals the judgment against him individually, that appeal will go to the Austin Court of Appeals, as this case would have absent the Supreme Court's Order transferring it here, exposing Morello and White Lion to different holdings in the same case against them.

17

Further, this appeal will have either become final or moved on to the next stage. There will never be an opportunity to address the correct assessment and or apportionment of liability in either case. *See FFP Operating Partners LP v. Duenez, supra*, 237 S.W. 3d at 693-694 (reversing jury verdict because trial court had improperly severed co-defendant preventing apportionment of liability between the defendants.)

White Lion and Morello are now in the impossible position of having to fight the same case on two fronts before two different appellate courts, with neither court having the full record before it. See *Stroud v VBFSB Holding Corporation*, 917 S.W.2d 75, 78 (Tex. App. -- San Antonio 1996, writ denied) (recognizing that dismissal of compulsory counterclaims which the Court previously found to be improperly severed, "placed [appellant] in the impossible position of having to perfect a new appeal based on the then-final judgment before this court had issued its dismissal of his first appeal.").

Worse, because of the severance, neither court will have all of the necessary parties before it to adjudicate under what circumstances, if any, an officer or member of an entity may be held liable for the entity's penalties under Tex. Water Code Section 7.101, or the appropriate method to apportion the responsibility between them. Further, assuming "White Lion is Morello" the State's remedy would have

been to pierce the corporate veil and obtain joint and several liability against White Lion and Morello, not a double recovery against each defendant.

## PRAYER

Appellant White Lion Holdings LLC, requests that this Court grant this Motion for Rehearing *En Banc*, and upon rehearing, withdraw the April 9, 2015 panel opinion, and dismiss this appeal for lack of jurisdiction. Alternatively, White Lion requests that the Court withdraw the panel opinion, set aside the severance order and remand the case to the trial court for rejoinder with the case against White Lion's sole member, Bernard Morello. White Lion prays for such further relief to which he may show himself justly entitled.

Respectfully Submitted,

LUCCI SMITH LAW PLLC

By: /s/ Jacqueline Lucci Smith
Jacqueline Lucci Smith
TBA #: 00786073
10575 Katy Freeway, Suite 470
Houston, Texas 77024
Tel.: 832-494-1700
Fax: 832-494-1426
Email: JLS@LucciSmithLaw.com

BAIN & BAIN PLLC

By: /s/ Joan Lucci Bain
Joan Lucci Bain
TBA #: 01548020

10575 Katy Freeway, Suite 405
Houston, Texas 77024
Tel.: 713-629-6222
Fax: 713-629-6226
Email: JBain@BainandBainlaw.net

## CERTIFICATE OF SERVICE

I certify that a copy of this Motion for Rehearing *En Banc* was served on counsel for the State, Craig Pritzlaff, by email on May _26, 2015.

/s/ Jacqueline Lucci Smith
Jacqueline Lucci Smith