**IN the INTEREST OF B.T.G., a Child**

**No. 05–13–00305–CV**

Court of Appeals of Texas, Dallas.

Opinion Filed April 6, 2016

Reconsideration En Banc Denied June 30, 2016

---

Georganna L. Simpson, John B. Polk, Dallas, TX, for Appellee.

Daniel L. Sullivan, Dallas, TX, for Appellant.

Before Justices Lang, Brown, and Whitehill

## OPINION ON REHEARING

Opinion by Justice Brown

Before the Court is Husband's motion for rehearing. Wife has filed a response. Upon further consideration, we grant the motion for rehearing. We withdraw our opinion and vacate our judgment of August 18, 2015. The following is now the opinion of the Court.

At issue in this appeal is whether a trial court can properly sever a divorce from a related suit affecting the parent—child relationship (SAPCR). At Wife's request, the trial court severed the parties' divorce from the SAPCR and issued a final decree of divorce. SAPCR proceedings continued. Husband appeals the divorce decree, contending, among other things, that the trial court erred in granting Wife's motion to sever. We agree. We further conclude that because the trial court lacked authority to sever the divorce from the SAPCR, the divorce decree is interlocutory. Accordingly, we vacate the trial court's severance order of October 15, 2012, and remand the case to the trial court for further proceedings consistent with this opinion.

Husband and Wife married on July 1, 2011, and separated the following July. They have one child, B.T.G., born during the marriage. Wife has a teenage son from a previous relationship. Husband and Wife accumulated no community property or debt during the brief marriage other than personal belongings. In July 2012, in different district courts, Husband and Wife each filed an original petition for divorce that included a SAPCR.[1] The cases were consolidated and unconsolidated several times. Ultimately, the 302nd Judicial District Court assumed jurisdiction over all the proceedings, with the agreement that the judge of the 330th Judicial District Court would sit for the 302nd.

On August 1, 2012, the trial court rendered temporary orders in the SAPCR. The court found that Husband had committed family violence and appointed Wife temporary sole managing conservator of B.T.G. The court granted Wife temporary exclusive possession of the parties' residence. The court also ordered Husband to pay child support and attend an anger–management class.

On October 9, 2012, Wife moved to sever the divorce from the SAPCR. She assert-

---

1. Husband has represented himself both in the trial court and in this appeal.

ed she needed the divorce finalized quickly in order to purchase a home. Wife attached her affidavit to her motion to sever. In her affidavit, she stated that she and Husband were married for only one year and had no assets. Despite the temporary orders granting her exclusive possession of the marital residence; Husband refused to move out, and she had been "staying away from the marital residence and with volunteers who have tirelessly assisted [her] in this case." To provide more for her children, Wife sought and was approved for a home loan and made an offer on a HUD home that was accepted. Wife stated she could not close on the house while still married. If not granted the divorce "soon enough," she would lose the opportunity to give her children a home at a price she could afford.

On October 15, 2012, the court held a hearing on the motion to sever and granted the motion. The court then proceeded with a bench trial on the divorce. That same day, the court issued a final decree of divorce on grounds of insupportability and also issued an order on the motion to sever. The severance order stated:

IT IS THEREFORE ORDERED that the issues concerning the suit affecting the parent—child relationship cause of action asserted by [Husband] against [Wife], is [sic] severed from the divorce and the property division issues in this case as same are capable of being tried separately and should be, in the best interests of the child, proceed [sic] separately from the divorce and marital property issues in this case.

IT IS FURTHER ORDERED that separate judgments shall be entered in the severed causes, each judgment to be final and to dispose completely of all the issues between all the parties in the respective suits.

The divorce decree adopted the order on the motion to sever. The decree further stated that issues of conservatorship, possession, and support of B.T.G. were to be severed from the divorce so that Wife could purchase a home. Both the severance order and the divorce decree stated that the severance was in the best interest of the child.

Husband filed a motion for new trial, which was overruled by operation of law. On January 3, 2013, Husband filed his notice of appeal from the October 15, 2012 order granting the divorce. The SAPCR proceedings continued in the trial court.[2]

Husband raises five issues in this appeal. He contends the trial judge erred in: (1) severing the divorce from the SAPCR, (2) granting the divorce decree without giving him proper notice of trial, (3) failing to recuse herself, (4) issuing the August 2012 temporary orders, and (5) issuing modified temporary orders after the divorce decree because the court's plenary power had expired. Husband's first issue is dispositive of this appeal.

■ In his first issue, Husband contends the trial court erred in severing the divorce from the SAPCR. In support of his argument, Husband relies on section 6.406 of the family code. Section 6.406 provides that, if the parties to a suit for dissolution of a marriage are parents of a

2. The divorce decree ordered that the SAPCR be assigned a new cause number and docketed as a separate case. Neither the SAPCR nor the divorce action was given a new cause number, however, so the SAPCR proceeded under the same cause number. Husband later appealed a judgment in the SAPCR. We dismissed that appeal for lack of jurisdiction because the trial court had granted Husband's motion for new trial. *See Gore v. Gore*, No. 05-13-01025-CV, 2014 WL 1018650, at *1 (Tex.App.–Dallas March 17, 2014, no pet.) (mem.op.).

child (and the child is not under continuing jurisdiction of another court), the suit for dissolution of the marriage must include a suit affecting the parent–child relationship.[3] Tex. Fam. Code Ann. § 6.406 (West 2006). If a SAPCR is already pending when a divorce action is filed, the family code requires that the SAPCR be transferred to the court having jurisdiction over the divorce and consolidated with the divorce action. *Id.* § 6.407(a). Thus, the joinder of petitions for divorce and SAPCRs related to the minor children is mandatory under the family code. *Temple v. Archambo*, 161 S.W.3d 217, 225 (Tex. App.–Corpus Christi 2005, no pet.) (bill of review case in which appellate court observed that joinder of suit for divorce and SAPCR is mandatory, but this observation was not basis for upholding trial court's denial of bill of review); *Diaz v. Diaz*, 126 S.W.3d 705, 707 (Tex.App.–Corpus Christi 2004, no pet.) (where suit for divorce did not include requisite SAPCR, post-answer default judgment was void and court of appeals lacked jurisdiction).

■ There is little case law on the issue of whether a trial court can properly sever a divorce from a related SAPCR. Generally, a trial court has broad discretion in ruling on a motion for severance. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990) (trial court did not abuse its discretion in severing casino's suit against savings and loan for wrongful dishonor of teller's check from savings and loan's third-party action for conspiracy against purchaser of check and others); *Noell v. Crow–Billingsley Air Park Ltd. P'ship*, 233 S.W.3d 408, 418 (Tex.App.–Dallas 2007, pet. denied) (trial court did not abuse its discretion in sever-

ing partnership's suit against partner on promissory note from partner's suit for accounting and dissolution of partnership). The rules of civil procedure provide that any claim against a party may be severed and proceeded with separately. Tex. R. Civ. P. 41. A claim is properly severable if (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guar. Fed.*, 793 S.W.2d at 658.

■ However, the family code's specific mandate, without limitation, that the divorce and SAPCR must be joined controls and means the two suits cannot be severed. As the concurring opinion in *Brown v. Brown*, 917 S.W.2d 358 (Tex.App.–El Paso 1996, no writ), noted, "the Family Code operates as a statutory trump to the procedural rules," and a trial court is unable to sever a divorce from a SAPCR. *Id.* at 361 (McClure, J., concurring). A severance splits a single suit into two or more independent actions, each action resulting in an appealable final judgment. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 383 (Tex.1985). Thus, a severance is the opposite of what the family code requires when it mandates that a divorce suit must include a SAPCR. *See Brown*, 917 S.W.2d at 361 (McClure, J., concurring) ("consolidation is the antithesis of severance").

■ It is well settled that a trial court may not properly sever property division from a divorce action. *See Biaza v. Simon*, 879 S.W.2d 349, 355 (Tex.App.–Hous-

---

**3.** "Suit affecting the parent–child relationship" is defined as a suit in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent–child relationship is requested. Tex. Fam. Code Ann. § 101.032 (West 2014).

ton [14th Dist.] 1994, writ denied), *abrogated on other grounds by In re Luster*, 77 S.W.3d 331, 335 (Tex.App.–Houston [14th Dist.] 2002, orig. proceeding); *Vautrain v. Vautrain*, 646 S.W.2d 309, 314 (Tex.App.–Fort Worth 1983, writ dism'd); *In re Marriage of Johnson*, 595 S.W.2d 900, 902–03 (Tex.Civ.App.–Amarillo 1980, writ dism'd w.o.j.). The reason for this rule is that the family code provides that in a divorce decree, the court shall order a division of the estate. Tex. Fam. Code Ann. § 7.001 (West 2006). In dividing the estate upon divorce, the court must have due regard for the rights of any children of the marriage, which lends support to the conclusion that SAPCR issues and divorce issues should not be severed. *See id.*

■ This Court has previously held that a trial court cannot sever child custody issues from property division issues. *See Wheelock v. Wheelock*, No. 05–92–01211–CV, 1993 WL 343380, at *2 (Tex.App.–Dallas Sept. 9, 1993, writ denied) (not designated for publication). Because *Wheelock* was unpublished, it has no precedential value. *See* Tex. R. App. P. 47.7(b). Accordingly, we hold again today that a trial court cannot sever a SAPCR from a di-

vorce.[4] *See Wheelock*, 1993 WL 343380, at *2; *Brown*, 917 S.W.2d at 361–62 (McClure, J., concurring). The trial court abused its discretion in severing the divorce from the SAPCR. We sustain Husband's first issue.

■ We turn now to the effect of the improper severance. Husband contends the divorce decree is void as a result. Yet he also maintains that all temporary orders in the SAPCR signed by the trial court more than thirty days after entry of the decree of divorce were beyond the trial court's plenary power. Because the severance was improper, we conclude the divorce decree is interlocutory and issues other than the severance are not properly before us.[5] *See In re Hoover, Bax & Slovacek, L.L.P.*, 6 S.W.3d 646, 649 (Tex. App.–El Paso 1999, orig. proceeding) (when court reverses on basis of improper severance, it lacks jurisdiction to address remaining issues, which become interlocutory); *Nicor Expl. Co. v. Fla. Gas Transmission Co.*, 911 S.W.2d 479, 483 (Tex. App.–Corpus Christi 1995, writ denied); (declining to reach remaining issues after determining severance was improper); *In*

---

4. We recognize there are situations in which a trial court may exercise jurisdiction only over specific issues in controversy between the parties to a divorce because the court lacks the required jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act and Uniform Interstate Family Support Act. The family code specifically provides for these situations, and this case is not one of them. *See* Tex. Fam. Code Ann. § 6.308 (West 2006) (in suit for dissolution of marriage, court's authority to resolve issues may be restricted by UCCJEA and UIFSA).

5. The trial court's error in granting a severance does not, however, divest this Court of jurisdiction over the appeal. *See Nicor Expl. Co. v. Fla. Gas Transmission Co.*, 911 S.W.2d 479, 482 (Tex.App.–Corpus Christi 1995, writ denied). We have jurisdiction to consider the propriety of the severance order. *See id.; see*

also *In re Hoover, Bax & Slovacek, L.L.P.*, 6 S.W.3d 646, 649 (Tex.App.–El Paso 1999, orig. proceeding). Under different circumstances, we have determined that the granting of a severance makes a judgment final for purposes of appellate jurisdiction regardless of whether the severance was proper. *Jones v. Am. Flood Research, Inc.*, 153 S.W.3d 718, 722 (Tex.App.–Dallas 2005), *rev'd on other grounds*, 192 S.W.3d 581 (Tex.2006); *Rutherford v. Whataburger, Inc.*, 601 S.W.2d 441, 443 (Tex.Civ.App.–Dallas 1980, writ ref'd n.r.e.) (both citing *Pierce v. Reynolds*, 160 Tex. 198, 329 S.W.2d 76, 78 (1968)). This case, however, comes within an exception stated in *Pierce* for those cases in which the severance order violates a mandatory provision of our constitution, statutes, or rules. *See Pierce*, 329 S.W.2d at 201–02; *In re Marriage of Johnson*, 595 S.W.2d at 903.

re *Marriage of Johnson*, 595 S.W.2d at 903 (judgment that granted divorce and erroneously severed property issues was interlocutory); *see also Wheelock*, 1993 WL 343380, at *2 (order severing child custody issues from divorce is null and void); *Gathe v. Gathe*, 376 S.W.3d 308, 215 (Tex. App.–Houston [14th Dist.] 2012, no pet.) (order granting partial new trial on property division rendered divorce decree interlocutory). Therefore, we do not reach Husband's remaining issues. Under these circumstances, the appropriate remedy is to remand to the trial court rather than dismiss for want of jurisdiction. *See Nicor*, 911 S.W.2d at 483.

Accordingly, we vacate the trial court's severance order of October 15, 2012, and remand the case to the trial court for further proceedings consistent with this opinion.