

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00121-CV

Nancy **ALANIS**,
Appellant

v.

**WELLS FARGO BANK NATIONAL ASSOCIATION**, as Trustee for the Pooling and
Servicing Agreement Dated October 1, 2006 Securitized Asset Backed Receivables LLC Trust
2006-NC3 Mortgage Pass Through Certificates Series 2006 NC3;
Mackie Wolf Zientz & Mann, P.C.; and Ocwen Loan Servicing, LLC,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-02839
Honorable Gloria Saldana, Judge Presiding[1]

Opinion by:      Sandee Bryan Marion, Chief Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                 Rebeca C. Martinez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  December 14, 2016

REVERSED AND REMANDED

Nancy Alanis appeals a series of trial court orders granting summary judgment in favor of

Wells Fargo Bank National Association, as Trustee for the Pooling and Servicing Agreement

Dated October 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-NC3 Mortgage

---

[1] On March 3, 2016, the Honorable Gloria Saldana signed an order on a motion for partial summary judgment stating the order disposes of all remaining parties and claims. On May 12, 2016, the Honorable Antonia Arteaga signed an order vacating a default judgment entered against HomeEq Servicing Corporation. On May 24, 2016, the Honorable Larry Noll signed an order severing appellant's claims against HomEq Servicing Corporation into a separate cause number.

Pass Through Certificates Series 2006 NC3, ("Wells Fargo") on its counterclaim for judicial foreclosure and in favor of Wells Fargo, Mackie Wolf Zientz & Mann, P.C. ("Law Firm"), and Ocwen Loan Servicing, LLC ("Ocwen") on all claims asserted by Alanis against them. Alanis also appeals the trial court's order severing her claims against HomeEq Servicing Corporation into a separate cause. We reverse the trial court's severance order and remand the cause for further proceedings.

## BACKGROUND

In June of 2006, Alanis borrowed $193,500 from New Century Mortgage Company to purchase a house. Alanis signed a note secured by a deed of trust. The note and deed of trust appear to have been assigned to Wells Fargo on or about October 31, 2006.[2] At that time, HomeEq serviced the loan for Wells Fargo.

In April of 2010, HomeEq sent Alanis notice of a substitute trustee's sale scheduled for June 1, 2010; however, HomeEq subsequently suspended the foreclosure. HomeEq transferred the servicing of the loan to Ocwen effective August 31, 2010.

In December of 2010, Ocwen sent Alanis notice of default with intent to accelerate. In January of 2011, the Law Firm sent Alanis notice of Wells Fargo's acceleration and intent to foreclose.

In February of 2011, Alanis filed the underlying lawsuit asserting numerous causes of action against Wells Fargo, the Law Firm, Ocwen, and HomeEq. On May 6, 2011, Alanis took a default judgment against HomeEq. Wells Fargo, the Law Firm, and Ocwen obtained a series of orders granting partial summary judgments in their favor relating to various claims asserted by Alanis, culminating in an order dated March 3, 2016 which (1) granted Wells Fargo a summary

---

[2] This date is based on the declaration of Ocwen's senior loan analyst. Although Alanis disputes the date of the assignment, we need not resolve the actual date of the assignment in resolving this appeal.

judgment on their counterclaim for a judicial foreclosure, (2) declared that Alanis take nothing on certain claims, and (3) stated the judgment fully and finally disposed of all remaining parties and claims.

On May 12, 2016, the trial court signed an order setting aside the default judgment against HomeEq. On May 24, 2016, the trial court signed an order severing Alanis's claims against HomeEq into a separate cause. Alanis appeals.

### SEVERANCE

In her sixteenth issue, Alanis contends the trial court erred in granting the severance because her claims against HomeEq are so interwoven with her other claims that they involve the same facts and issues. The appellees respond the claims against HomeEq are separate and distinct from the claims against Wells Fargo, Ocwen, and the Law Firm.

Rule 41 of the Texas Rules of Civil Procedure allows for any claim against a party to be "severed and proceeded with separately." TEX. R. CIV. P. 41. Rule 41 gives the trial court broad discretion to sever claims, and a trial court's order granting a severance will not be reversed absent an abuse of discretion. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). A trial court abuses its discretion if it acts contrary to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The guiding rule with regard to severance is that "[a] claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues." *Guar. Fed. Sav. Bank*, 793 S.W.2d at 658; *see also State Dep't of Highways & Pub. Transp. v. Cotner*, 845 S.W.2d 818, 819 (Tex. 1993) (holding trial court erred in severing claim where third criterion was not met); *Owens v. Owens*, 228 S.W.3d 721, 726 (Tex. App.—Houston [14th Dist.] 2006, pet. dism'd) (noting trial court abuses its

discretion in granting severance where one of the three criteria is not met); *Dalisa, Inc. v. Bradford*, 81 S.W.3d 876, 881 (Tex. App.—Austin 2002, no pet.) (noting trial court's discretion may not be exercised in a manner contrary to rule forbidding severance of a claim that is interwoven with remaining claims to the extent that they involve the same facts and issues).

In the instant case, the claims against HomeEq arise from the actions HomeEq took as Wells Fargo's loan servicer. The summary judgment evidence filed by Wells Fargo and Ocwen includes an affidavit of Ocwen's senior loan analyst Gina Feezer. In her affidavit, Feezer relies on HomeEq's business records documenting its loan servicing actions to support the dates on which Alanis defaulted and the amount Alanis owes on the note. Therefore, the claims by Alanis against HomeEq regarding its loan servicing actions necessarily involve the same facts and issues as the claims against Wells Fargo. In its brief, Wells Fargo recognizes that Alanis's claims asserting improper accounting in the servicing of the loan arise from HomeEq's application of "bundled payments" and HomeEq's purchase of a "lender placed insurance policy." Accordingly, any improper actions by HomeEq in servicing the loan are interwoven with Alanis's claims against Wells Fargo and Wells Fargo's claim for judicial foreclosure. Therefore, because we hold the claims against HomeEq are so interwoven with the claims against Wells Fargo that they involve the same facts and issues, the trial court abused its discretion in severing the claims. *See Cotner*, 845 S.W.2d at 819; *Owens*, 228 S.W.3d at 726; *Dalisa, Inc.*, 81 S.W.3d at 881. Having determined the severance was improper, we do not reach Alanis's remaining issues. *See Lousteau v. Noriega*, No. 01-15-00254-CV, 2016 WL 4537371, at *6 (Tex. App.—Houston [1st Dist.] Aug. 30, 2016, no pet.) (mem. op.) (concluding trial court erred in entering severance order and appellate court lacked jurisdiction to consider remaining issues raised on appeal because judgment was interlocutory); *In re B.T.G.*, 494 S.W.3d 839, 843-44 (Tex. App.—Dallas 2016, no pet.) (holding severance improper and concluding issues other than severance not properly before appellate

court); *In re Hoover, Bax & Slovacek, L.L.P.*, 6 S.W.3d 646, 649 (Tex. App.—El Paso 1999, orig. proceeding) (noting appellate court lacks jurisdiction to consider other issues raised on appeal after holding severance was improper because order being appealed becomes interlocutory); *Tiger v. Samson Homes, Inc.*, No. 14-97-0361, 1999 WL 160995, at *2 (Tex. App.—Houston [14th Dist.] Mar. 25, 1999, pet. denied) (mem. op.) (declining to address remaining issues after determining severance was improper); *Nicor Expl. Co. v. Fla. Transmission Co.*, 911 S.W.2d 479, 483 (Tex. App.—Corpus Christi 1995, writ denied) (declining to reach remaining issues after determining severance was improper); *but see Rucker v. Bank One Tex., N.A.*, 36 S.W.3d 649, 652 (Tex. App.—Waco 2000, pet. denied) (holding improper severance does not prevent appellate court from considering remaining issues on appeal).

## CONCLUSION

Because the trial court erred in severing Alanis's claims against HomeEq, we reverse the trial court's order and remand the cause for further proceedings.

Sandee Bryan Marion, Chief Justice