**Affirmed as Modified and Opinion Filed August 8, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

**No. 05-16-00370-CV**

---

### IN THE INTEREST OF B.T.G., A MINOR CHILD

---

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-12-12707-U**

---

## MEMORANDUM OPINION

Before Justices Fillmore, Whitehill, and Boatright
Opinion by Justice Whitehill

Husband appeals pro se from a final divorce decree. He asserts eleven issues. We sustain his issue arguing that the decree contains an improper severance provision. We overrule or dismiss his remaining issues. Accordingly, we modify the judgment by deleting the improper severance provision, and we affirm the judgment as modified.

### I.  BACKGROUND

This divorce case has a lengthy procedural history, and the parties have been before us on direct appeal twice before. *See, e.g.*, *In re B.T.G.*, 494 S.W.3d 839 (Tex. App.—Dallas 2016, no pet.); *Gore v. Gore*, No. 05-13-01025-CV, 2014 WL 1018650 (Tex. App.—Dallas Mar. 17, 2014, no pet.) (mem. op.).

## A.    Commencement, Divorce Decree, and Severance

In July 2012, Husband filed for divorce from Wife after roughly one year of marriage. *In re B.T.G.*, 494 S.W.3d at 840. Wife filed a separate divorce petition that was assigned to a different trial court, but the cases were ultimately consolidated. *Id*. They have a son, B.T.G., who was born during the marriage. *Id*.

In October 2012, Wife moved to sever the divorce from the SAPCR (suit affecting parent–child relationship) part of the litigation. *Id*. The trial court granted the severance motion, held a bench trial in the divorce case, and signed a final divorce decree. *Id*. at 841. Husband appealed the severed divorce decree. *Id*. at 843.

## B.    The Severed SAPCR

After the severance the parties continued to litigate the SAPCR. On July 10, 2013, the trial judge signed a final SAPCR judgment, which Husband timely appealed. *See id*. at 841 n.2.

In October 2013, the trial judge signed an order that (i) granted Husband's new trial motion in the SAPCR case but (ii) maintained the SAPCR order as a temporary order pending the divorce decree appeal's outcome. We then dismissed the SAPCR appeal for lack of jurisdiction based on the new trial order. *Gore*, 2014 WL 1018650, at *1.

In August 2015, we issued an opinion affirming the divorce decree. Husband timely sought rehearing, which motion remained pending until April 2016 when we granted rehearing and issued a new opinion that vacated the severance and remanded. *See* Part I.C *infra*; 494 S.W.3d at 844.

Meanwhile, the SAPCR was set for a November 19, 2015 bench trial. On November 10, 2015, Husband filed a "Notice of Jury Request and Request for Pretrial Conference" asserting that he had previously requested a jury trial. Nevertheless, the trial court proceeded with the SAPCR bench trial as scheduled and took the matter under advisement.

–2–

On January 22, 2016, the trial judge signed a final judgment concerning the SAPCR. Husband timely filed a request for findings of fact and conclusions of law. He also filed a new trial motion, which was overruled by operation of law. The trial judge later signed findings and conclusions.

Husband timely appealed the SAPCR judgment.

## C. Vacatur of the Severance and Final Judgment

On April 7, 2016, we granted rehearing in the divorce decree appeal, issued a new opinion, and rendered judgment vacating the 2012 severance order and remanding the divorce part of the case. *In re B.T.G.*, 494 S.W.3d at 844.

We then abated this SAPCR appeal, remanding the case with instructions to the trial court to enter a single judgment. The trial court complied, signing a single judgment consisting of the 2012 divorce decree's text immediately followed by the January 2016 SAPCR judgment's text. We then reinstated this appeal.

Husband filed a pro se brief. Wife did not file a brief.

## II. ANALYSIS

## A. Issues One and Eleven: Was the October 22, 2013 SAPCR new trial order void to the extent it purported to make the July 10, 2013 SAPCR judgment a temporary order?

Husband's first and eleventh issues center on the October 22, 2013 order that both granted Husband's new trial motion and maintained the July 10, 2013 SAPCR judgment in effect as a temporary order. Husband's first issue argues that to the extent the October 22 order was a temporary order it violated the time limit set forth in Family Code § 109.001(a). Husband's eleventh issue supports his first issue by arguing that the October 22 order was an untimely temporary order because the new trial order vacated a prior judgment and returned the case to the trial docket. We conclude that Husband's first and eleventh issues are moot.

–3–

An issue is moot if a party seeks a judgment (i) on a controversy that does not really exist or (ii) that cannot have any practical legal effect on an existing controversy. *Seals v. City of Dallas*, 249 S.W.3d 750, 754 (Tex. App.—Dallas 2008, no pet.). "It is well-settled a temporary order is superseded by entry of a final order, rendering moot any complaint about the temporary order." *In re M.L.R.*, No. 05-15-00647-CV, 2016 WL 5791530, at *2 (Tex. App.—Dallas Oct. 4, 2016, no pet.) (mem. op.). Here, even if Husband were correct that the October 22 order was a temporary order rendered in violation of § 109.001(a), the July 5, 2016 final judgment superseded it. Husband does not explain what practical consequences would follow if we sustained his first and eleventh issues, and we cannot perceive any. To the extent he wishes to complain about contempt orders that may have been based on the provisions of the July 10, 2013 SAPCR order or the October 22, 2013 new trial order, he must do so by original proceeding. *See* Part II.D *infra*.

Accordingly we dismiss Husband's first and eleventh issues as moot.

**B.      Issue Two:  Did the trial court err by trying the SAPCR case without a jury?**

Husband's second issue argues that he timely requested a jury trial and the trial court erred by trying the SAPCR case without a jury. We review the trial court's denial of a jury request for abuse of discretion. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). We reject this issue because the trial court could have reasonably concluded that Husband had not paid the jury fee or filed a proper Rule 217 affidavit.

There is a right to jury trial as to some issues in a SAPCR. *See* TEX. FAM. CODE § 105.002. To be entitled to a jury trial, a party must timely (i) file a written request for a jury trial and (ii) either pay the jury fee or file an affidavit of inability to pay the fee. *See* TEX. R. CIV. P. 216–17. The deadline is 30 days before trial. *See id.*; *see also Brockie v. Webb*, 244 S.W.3d 905, 908 (Tex. App.—Dallas 2008, pet. denied). A court has discretion to deny a jury trial if the

–4–

request or the fee payment is untimely. *Lynd v. Bass Pro Outdoor World, Inc.*, No. 05-12-00968-CV, 2014 WL 1010120, at *11 (Tex. App.—Dallas Mar. 12, 2014, pet. denied) (mem. op.). Also, "[f]ailure of a party to appear for trial shall be deemed a waiver by him of the right to trial by jury." TEX. R. CIV. P. 220.

The appellate record relevant to this issue is unclear. We find no jury demand in the record, and Husband's assertion that he timely requested a jury is unsupported by record references. Although the computer-generated "Case Summary" indicates that Husband paid some "case fees," it does not specifically show that he paid the jury fee—in fact it indicates he had a balance owed throughout the case. And Husband's brief suggests that his jury fee was covered by the indigency affidavit he filed at the outset of the case.

Nevertheless, in February 2013 the trial court signed an order setting the severed SAPCR for jury trial in April 2013. It appears that the trial did not happen until July 2013. A default judgment was then rendered against Husband, and Husband's new trial motion was granted in October 2013.

On August 31, 2015, there was an unrecorded pretrial hearing. At the beginning of the bench trial on November 19, 2015, the trial judge stated without contradiction (and Husband's brief agrees) that Husband did not appear at the pretrial hearing. The trial judge also stated that the case was set for trial at the pretrial hearing. The only reasonable inference is that the trial setting was for a bench trial.

Husband's brief further asserts, without record support, that he attempted to efile a jury demand on October 12, 2015, but it was rejected by the court clerk.

On November 10, 2015, Husband filed a "Notice of Jury Request and Request for Pretrial Conference," which is in the appellate record. In it he asserted that he had previously requested

a jury trial, but he did not say when he made his jury demand or make any reference to paying the jury fee.

When the November 19 bench trial began, Husband objected to proceeding without a jury. The trial judge said that Husband had asked for a jury trial "at some point in time." But the judge observed that (i) Husband had failed to appear at the August pretrial hearing and (ii) the trial was set at that time. Moreover, Wife's counsel argued that the court's record did not indicate that the jury fee had been paid. The trial judge concluded that Husband had waived his right to a jury trial by failing to appear at the pretrial conference and then failing to take action promptly after learning a bench trial had been set. It then proceeded with trial.

We may affirm a trial court's ruling based on any legal theory properly before it. *Victoria Gardens of Frisco v. Walrath*, 257 S.W.3d 284, 290 (Tex. App.—Dallas 2008, pet. denied). Wife raised the issue of Husband's failure to pay the jury fee. We conclude that Husband has not shown an abuse of discretion because he has not shown that he timely paid the jury fee or filed a proper Rule 217 affidavit of inability to pay the jury fee. *See In re M.N.M.*, No. 05-14-00723-CV, 2014 WL 6737003, at *7–9 (Tex. App.—Dallas Dec. 1, 2014, pet. denied) (mem. op.) (reaching same conclusion where record did not show jury fee was paid).

First, as to the jury fee, Husband relies on a statement by Wife's counsel at an August 2013 hearing that Husband "paid the jury fee on the SAPCR." But at the November 19, 2015 bench trial, Wife's counsel argued that the court's records did not show that Husband had paid the jury fee. Husband made no response to that argument. Given Husband's silence, we conclude that the trial court was not bound to conclude that Husband had paid the jury fee based on opposing counsel's statement at a hearing over two years earlier where the record does not clearly show that Husband actually paid that fee.

Second, we address the possibility that Husband timely filed an affidavit of inability to pay. Although Husband refers to a Rule 145 affidavit of indigency he filed at the beginning of the case, that affidavit does not prove the two matters specifically required by Rule 217: (i) Husband's inability to pay the jury fee, and (ii) Husband's inability to obtain the necessary funds by the pledge of property or otherwise. *See* Tex. R. Civ. P. 217. Moreover, although Husband's brief acknowledges that in October 2015 (before the trial began), the court told him that his affidavit was "no longer good" and that he needed to submit another one, Husband does not argue that he did so and no such document is in the record.

The fact that the trial court once set this case for jury trial makes this case similar to *Mercedes-Benz*, but *Mercedes-Benz* is distinguishable. In that case, the defendants requested a jury trial but did not pay the fee. 925 S.W.2d at 665. The trial court set the case for jury trial. *Id*. A few days before trial, the plaintiff discovered that the fee had not been paid, filed a jury demand, and paid the fee. *Id*. Nevertheless, the trial court denied the plaintiff's jury request and held a bench trial. *Id*. at 665–66. The supreme court held that the trial court abused its discretion because (i) the plaintiff was entitled to rely on the court's order setting the case for jury trial, and (ii) the court had to give the plaintiff a reasonable time to demand a jury and pay the fee if it decided to change its order. *Id*. at 666. Here, the trial court once set the case for jury trial in 2013, but in August 2014 it set the case for bench trial the following November 19. Husband does not deny having notice of the setting but instead argues that he unsuccessfully attempted to efile a jury demand on October 12th. As explained above, the record does not support this claim; more importantly, the record does not show that he ever paid the jury fee or filed a proper Rule 217 affidavit. Because Husband had time to comply with Rules 216 and 217 but did not do so, *Mercedes-Benz* is not controlling.

–7–

Because Husband has not shown that he timely paid the jury fee or timely submitted a proper Rule 217 affidavit, we conclude that he has not shown that the trial court abused its discretion by denying his jury request. *See In re M.N.M.*, 2014 WL 6737003, at *7–9. We overrule Husband's second issue.

**C.    Issue Three:  Did the trial err by making a family violence finding against Husband?**

Husband's third issue attacks the trial court's finding that Husband had a history or pattern of committing family violence. We conclude that this issue is inadequately briefed.

An appellant's brief must present "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Here, Husband's brief cites no legal authorities, nor does the brief explain the legal standards for a family violence finding. "If we are not provided with existing legal authority that can be applied to the facts of the case, the brief fails." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.).

Because Husband's brief on this issue does not meet these standards, we overrule his third issue.

**D.    Issue Four:  Did the trial court err by finding Husband in contempt for failure to pay child support?**

Husband's fourth issue attacks the trial court's December 3, 2013 order finding Husband in contempt for failing to pay court ordered child support. We reject this argument because a direct appeal, like this current proceeding, is not the proper vehicle to challenge that contempt finding.

Contempt orders must be challenged by mandamus or by writ of habeas corpus, depending on whether confinement is involved. *See In re M.J.*, 227 S.W.3d 786, 793 (Tex.

App.—Dallas 2006, pet. denied, orig. proceeding [mand. denied]). Indeed, Husband has filed several original proceedings attacking the December 3, 2013 contempt order.[1]

Because this is a direct appeal, we lack jurisdiction to review his attack on the contempt order. *See In re P.K.*, No. 05-16-01230-CV, 2017 WL 359778, at *1 (Tex. App.—Dallas Jan. 17, 2017, no pet.) (mem. op.); *In re M.J.*, 227 S.W.3d at 793. Accordingly, we dismiss Husband's fourth issue.

**E.      Issue Five:  Did the trial court err by awarding attorney's fees against Husband despite Husband's bankruptcy filing?**

Husband's fifth issue makes three arguments regarding the trial court's fee award: (i) the award violated an automatic stay related to his personal bankruptcy, (ii) the fee award was discharged in his bankruptcy, and (iii) the trial court made its award based on Wife's untimely requested findings and conclusions. We address his arguments in that sequence.

**1.      Did the trial court enter the SAPCR judgment in violation of the automatic stay?**

Husband argues principally that the trial court erred by assessing attorney's fees against him because an automatic bankruptcy stay was in effect. These are the pertinent facts:

The July 10, 2013 SAPCR order/judgment assessed $12,500 in attorney's fees against Husband.

Three months later, the trial court granted Husband's new trial motion but continued the July 10 order in effect as a temporary order.

On January 16, 2015, Husband filed a suggestion of bankruptcy in which he represented that he had filed a bankruptcy case two days earlier.

---

[1] *See In re Gore*, No. 05-15-01414-CV, 2015 WL 7731698 (Tex. App.—Dallas Dec. 1, 2015, orig. proceeding) (mem. op.); *In re Gore*, 454 S.W.3d 711 (Tex. App.—Dallas 2015, orig. proceeding) (mem. op.); *In re Gore*, No. 05-14-01422-CV, 2014 WL 6466845 (Tex. App.—Dallas Nov. 19, 2014, orig. proceeding [habeas denied]) (mem. op.); *In re Gore*, No. 05-14-00103-CV, 2014 WL 476784 (Tex. App.—Dallas Feb. 5, 2014, orig. proceeding [mand. denied]) (mem. op.).

Ten months later, at the November 2015 SAPCR bench trial, Husband testified that his bankruptcy case was still pending, and certain documents from his bankruptcy case were admitted into evidence at the trial.

On January 22, 2016, the trial court signed a new SAPCR judgment, which judgment included the $12,500 fee award.

In April 2016, we issued our opinion and judgment vacating the severance.

On July 5, 2016, the trial judge signed a new final judgment encompassing both the divorce decree and the SAPCR judgment. That final judgment again assessed $12,500 in attorney's fees against Husband.

Thus, the trial court rendered its final judgment on July 5, 2016. Husband, however, cites no record evidence, nor have we found any, showing that an automatic stay was still in effect on that date. *See Littke v. Trustcorp Mortg. Co. (In re Littke)*, 105 B.R. 905, 909 (Bankr. N.D. Ind. 1989) (automatic stay ends when case is closed or dismissed or when debtor's discharge is granted or denied). Indeed, Husband's brief says that he has been discharged in bankruptcy, but he does not say when this occurred or cite any record proof. A discharge would have ended the automatic stay. *See id*. We conclude that Husband has not on these arguments shown that the attorney's fee award in the July 5, 2016 final judgment violated an automatic stay.

### 2. Was the fee award discharged by Husband's bankruptcy?

Husband also asserts, without supporting argument, citation to legal authorities, or record references, that the July 10, 2013 judgment against him was discharged in bankruptcy. Assuming he intends to assert a bankruptcy discharge defense to the July 5, 2016 final judgment's fee award, this contention is inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

### 3. Did the trial court err by entering untimely findings and conclusions?

Husband further argues that the trial court erred by making procedurally improper findings and conclusions regarding the fee award. The record shows that Husband requested findings of fact and conclusions of law on January 22, 2016—the same day the trial court signed the SAPCR judgment—and therefore timely under Rule 297. On February 19, 2016, more than twenty days after the trial court signed the SAPCR judgment, Wife filed proposed findings and conclusions. That same day, Husband filed (i) a notice of past due findings of fact and conclusions of law, and (ii) an objection to Wife's proposed findings and conclusions as untimely. The trial judge later signed Wife's proposed findings and conclusions. Husband complains that Wife filed her proposed findings after the deadline for her to make an initial request for findings and conclusions.

The trial court signed its findings and conclusions within the deadline set by the rules. *See* TEX. R. CIV. P. 297. And Husband cites no authority for the premise that the trial court erred by using Wife's proposed findings and conclusions, regardless of when Wife filed them. We thus conclude Husband has not shown error.

We therefore overrule Husband's fifth issue.

### F. Issue Six: Did the trial judge err by signing the July 10, 2013 judgment while a motion to recuse or disqualify was pending?

Husband's sixth issue argues that the trial court erred by signing the July 10, 2013 SAPCR judgment while a motion to recuse or disqualify was pending. We conclude that this issue is moot because the trial court already vacated that judgment.

If we were to sustain Husband's sixth issue, we would vacate the July 10 judgment. *See Bourgeois v. Collier*, 959 S.W.2d 241, 245–46 (Tex. App.—Dallas 1997, no pet.). But the trial court granted Husband's new trial motion, which itself vacated the July 10 judgment. *See In re E.C.*, 431 S.W.3d 812, 815–16 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding [mand.

–11–

denied]) ("Granting a new trial has the legal effect of vacating the original judgment . . . ."). Husband does not explain what practical consequences would follow from our sustaining his sixth issue, and we cannot perceive any.

Accordingly, we dismiss Husband's sixth issue as moot.

**G.      Issue Seven:  Did the trial court err by allowing Wife to proceed without paying court fees after the court sustained a challenge to her inability to pay affidavit?**

Husband's seventh issue complains that the trial court allowed Wife to proceed without paying court fees after the court sustained the district clerk's challenge to Wife's affidavit of inability to pay.  We overrule this issue because husband received a new trial on that basis but allowed the new trial to proceed without further objection and therefore waived any subsequent complaint in this regard.

Wife filed an original divorce petition one day after Husband filed his own original divorce petition.  Husband's case was assigned to the 302nd district court; Wife's case was assigned to the 330th district court.  Wife filed an indigency affidavit in her case.  The district clerk contested Wife's affidavit, and the trial court sustained that contest.  According to Husband, however, Wife was nonetheless allowed to proceed.

Husband, however, identifies only one time when he raised his complaint in the trial court—his July 23, 2013 new trial motion attacking the July 10, 2013 SAPCR judgment.  The trial court ultimately granted that motion.  Thus, when Husband raised this complaint in the trial court, he received all the relief he requested.  Further, because he did not request any other relief, we conclude that Husband did not preserve error in the trial court.  *See* TEX. R. APP. P. 33.1(a).

Thus, we overrule Husband's seventh issue.

**H.      Eighth Issue:  Did the trial court err in making its child support order?**

The final judgment ordered Husband to pay Wife both $120 per month as child support for B.T.G. and a child support arrearage of $18,291.54.  Husband's eighth issue complains about this order.  We reject this issue as inadequately briefed.

Although Husband's brief cites cases regarding the standard of review, it does not discuss or analyze the child support statutes.  Nor does Husband apply the law to this case's facts.  Husband merely asserts that (i) he has another minor child in addition to B.T.G. and (ii) the trial court erred in assessing child support against him.  "The failure to adequately brief an issue, either by failing to specifically argue and analyze one's position or provide authorities and record citations, waives any error on appeal."  *In re B.A.B.*, 124 S.W.3d 417, 420 (Tex. App.—Dallas 2004, no pet.).

We therefore overrule Husband's eighth issue.

**I.      Issue Nine:  Did the trial judge err by not recusing herself from the case?**

Husband's ninth issue argues that the trial judge should have granted Husband's post-trial motion to recuse.  We overrule this issue because Husband did not challenge all grounds on which the administrative judge could have denied Husband's motion.

Husband filed a motion to recuse on January 15, 2016, which was two months after the bench trial in the severed SAPCR case but before the trial court signed the January 22, 2016 SAPCR judgment.  The judge declined to recuse herself and referred the motion to the presiding administrative judge.  On January 21, 2016, the day before the trial court signed its January 22nd judgment, the presiding administrative judge denied Husband's recusal motion because it was not verified and because "many of [Husband's] complaints are matters for which error is assignable and generally do not support recusal."

Here, Husband's brief argues only substantive recusal grounds; it does not address the recusal motion's lack of verification. *See* TEX. R. CIV. P. 18a(a)(1) (motion to recuse or disqualify "must be verified"). Because Husband does not address an independent ground for the trial court's ruling, we cannot reverse that ruling. *See Prater v. State Farm Lloyds*, 217 S.W.3d 739, 740–41 (Tex. App.—Dallas 2007, no pet.) ("When a separate and independent ground that supports a ruling is not challenged on appeal, we must affirm the lower court's ruling.")

Accordingly, we overrule Husband's ninth issue.

## J.    Issue Ten:  Did the trial court err by rendering a final judgment that does not conform to this Court's June 30, 2016 order?

Husband's tenth issue complains that the trial court's final judgment does not conform to this Court's June 30, 2016 order. Specifically, Husband complains that the final judgment contains inappropriate severance language. Because that language is contrary to our opinion concluding that the severance was error, we agree with Husband on this issue and modify the final judgment accordingly.

To briefly reiterate the background facts, the trial court originally granted the parties a divorce and severed the remaining SAPCR issues in order to make the divorce decree final. We held that the severance was erroneous, *In re B.T.G.*, 494 S.W.3d at 844, but by that time the trial court had signed an ostensibly final judgment in the severed SAPCR case and Husband had filed this appeal. On June 30, 2016, we sua sponte remanded the case to the trial court with instructions to render a single judgment.

On July 5, 2016, the trial court responded to our order by creating and signing a new judgment that consisted of the first four pages of the 2012 divorce decree, followed immediately by the January 2016 SAPCR judgment's text. As a result, the new judgment repeats the 2012

–14–

divorce decree's improper provision purporting to sever "all SAPCR issues" from the divorce decree. This is contrary to both our holding in *In re B.T.G.* and our June 30, 2016 order.

We conclude the trial court erred by including the severance provision in its July 5, 2016 judgment. Accordingly, we sustain Husband's tenth issue and modify the judgment to delete the severance provision.

## III. DISPOSITION

For the foregoing reasons, we modify the trial court's July 5, 2016 final judgment by deleting the paragraph purporting to sever "all SACPR issues" from the divorce decree, and we affirm the judgment as modified.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

160370F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF B.T.G., A MINOR
CHILD

No. 05-16-00370-CV

On Appeal from the 302nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-12-12707-U.
Opinion delivered by Justice Whitehill.
Justices Fillmore and Boatright participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **DELETE** the paragraph of the July 5, 2016 judgment that appears on the second page of the judgment under the heading "*Parenting Plan*."

It is **ORDERED** that, as modified, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered August 8, 2017.