ACCEPTED
05-19-00391-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
5/3/2019 3:22 PM
LISA MATZ
CLERK



**GOLDFARB** PLLC

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
5/3/2019 3:22:41 PM
LISA MATZ
Clerk

Jeffrey Goldfarb
214.583.2230
jgoldfarb@goldfarbpllc.com

May 3, 2019

**_By E-Filing_**

Lisa Matz
Clerk of the Court
Texas Court of Appeals for the Fifth District at Dallas
George L. Allen, Sr. Courts Building
600 Commerce Street, 3rd Floor New Tower
Dallas, Texas 75202

      Re:    *Goldfarb PLLC v. Alan P. McDonald,* Case No. 05-19-00391-CV
               On appeal from the 301st Judicial District Court, Dallas County, Texas, Cause
               No. DF-19-05745

               Letter Brief regarding Jurisdiction

Dear Ms. Matz:

      This appeal presents the question of whether a trial court can sever a request for an order for attorney's fees as part of the divorce decree in a suit for dissolution of marriage into a separate case. TEX. FAM. CODE § 6.708(c) provides:

> "**_In a suit for dissolution of a marriage_**, the court may award reasonable attorneys' fees and expenses. **_The court may order the fees_** and expenses and any postjudgment interest **_to be paid directly to the attorney_**, who may enforce the order in the attorney's own name by any means available for the enforcement of a judgment for debt." TEX. FAM. CODE § 6.708(c) (emphasis added).

      Under the Texas Family Code, the divorce decree is to provide for the "just and right" division of property. TEX. FAM. CODE § 7.001. Section 6.708(c) expressly provides that the judge may enter an order for attorney's fees, costs, and expenses incurred in the suit for dissolution. These amounts are part of the property division, which is made in the final divorce decree. Here, the Court severed the claim for fees and expenses that was requested as part of the final divorce decree under the statute into a separate case.

      In an analogous context, this Court held that the trial court erroneously severed a divorce suit from a suit affecting the parent-child relationship ("SAPCR"). *In the Interest of B.T.G.,* 494 S.W.3d 839 (Tex. App.—Dallas 2016, reconsideration en banc denied). The Court held that the family code's "specific mandate" required one suit, stating that "[i]t is well settled that a trial court may not properly sever property division from a divorce action." *Id.* at 842 (citations omitted). "The reason for this rule is that the family

code provides that in a divorce decree, the court shall order a division of the estate." *Id.* at 843 (citing TEX. FAM. CODE § 7.001). An order under Section 6.708(c) is part of the property division. The trial court incorrectly severed part of the property division claim into a second suit (that is not a suit for dissolution). In *B.T.G.,* in the face of an improper severance, this Court did not dismiss the appeal for want of jurisdiction due to the wrongful severance. Instead, it held that since the severance was improper, the divorce decree was interlocutory and the matter was remanded to the trial court for further proceedings. *Id.* at 844.

That is the relief that Goldfarb PLLC seeks in this appeal.

Just as there is one divorce decree that covers the property division and the SAPCR issues, there is one divorce decree that awards attorney's fees, costs, and other expenses. And a request for an order for fees under Section 6.708(c) is statutorily required to be part of that order.[1]

The courts have held that error in granting a severance does not divest an appellate court of jurisdiction over an appeal. *See Nicor Exploration Co. v. Florida Gas Transmission Co.,* 911 S.W.2d 479, 482 (Tex. App.—Corpus Christi, 1995, pet. denied). In that case, the court stated "[w]e hold an improper severance does not rob this court of jurisdiction to consider a case; otherwise we could not consider whether the severance itself was in fact improper." *Id.* at 482. *See also Pierce v. Reynolds*, 329 S.W.2d 78, 78-79 (Tex. 1959) ("The order of severance is subject to being set aside on appeal, but until this is done it effectively separates the controversy into two causes. A judgment which fully adjudicates one of the severed causes is appealable even though the entire controversy as it existed prior to the severance is not determined thereby.").

There is no dispute that had the Wife in the divorce suit appealed the severance order, this Court would have jurisdiction over that severance order. *See, e.g., Yeske v. Piazza Del Arte, Inc.,* 513 S.W.3d 652, 677 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (reversing severance of claim against party).

Goldfarb PLLC recognizes that, in some cases, the courts review severance orders through mandamus. Goldfarb PLLC filed a petition for writ of mandamus, but this Court did not entertain it. In its order, the Court expressly stated that mandamus is only available when there is no adequate remedy by appeal. Goldfarb PLLC now pursues a remedy by appeal.

Goldfarb PLLC recognizes that this Court held in *The Beckham Group, P.C. v. Snyder*, 315 S.W.3d 244 (Tex. App.—Dallas 2010, no pet.), that the severed party's

---

[1] Goldfarb PLLC makes the arguments in this letter brief in the alternative.

remedy was through mandamus, not appeal. That case involved a law firm's action for fees brought in a divorce case. However, that case was not brought under TEX. FAM. CODE § 6.708(c), which was passed in 2013, after that decision. The issues raised in this case could not have been at issue in that case, because Section 6.708(c) did not exist at that time. Further, an appeal after judgment is entered in the severed action would not afford complete relief, as Goldfarb PLLC seeks relief through an award of fees made under Section 6.708 in the suit for dissolution of marriage based on the property division—namely, the judgment in the case subject to the pending appeal.

This case is different from an ordinary severance case, where a party with truly separate, distinct claims is severed from an action. That case may result in no substantive prejudice to the severed party. For example, had Goldfarb PLLC brought a suit for breach of contract against its former client and sought relief solely against its former client, that claim might be properly severable, as it would involve distinct issues and elements of proof. But Goldfarb PLLC did not bring that claim. Instead, it sought relief under TEX. FAM. CODE § 6.708(c), seeking an order "in a suit for dissolution of marriage" against a non-client spouse. By putting that request for relief in a separate case, the trial court removed the claim from "a suit for dissolution of marriage" in direct contravention of the statute.

A rejection of appellate jurisdiction here would essentially take the severance order beyond appellate review. If the Court rejects jurisdiction here and requires an appeal to be taken from the severed action only, Goldfarb PLLC would effectively be denied relief. Assume the severed case proceeds to trial and is subsequently appealed. If the Court of Appeals determines the severance order was improperly entered, what relief can it grant under Section 6.708(c) in the severed case? It is difficult to see how the Court could reverse and remand the severance order for a new trial "in a suit for dissolution of marriage," as the suit for dissolution would be concluded and a new property division taking into consideration the attorney fees may not be ordered. Goldfarb PLLC is effectively appealing from the trial court's "just and right" division of assets and liabilities, as it seeks an order awarding certain fees to be payable to the firm. That allocation was made in the case subject to the pending appeal.

Respectfully submitted,

*/s/ Jeffrey Goldfarb*

Jeffrey Goldfarb

cc:     Counsel of Record *(via e-service)*